*J. Buchanan,* for appellees.

———o———

## THE BOARD OF COMMISSIONERS OF FOUNTAIN COUNTY *v.* WOOD.

COUNTY COMMISSIONERS.—*Appeal.—Attorney.*—An appeal lies to the court of common pleas from a decision of the board of county commissioners on a claim for services as an attorney.

SAME.—*Pleading.*—In presenting a claim to the board of county commissioners, an account is all that is necessary, and on appeal a formal complaint need not be filed.

CIRCUIT COURT.—*Attorney.*—The circuit court is authorized to appoint an attorney to defend a person charged with a crime, and also to fix the amount of compensation for services so rendered.

APPEAL from the Fountain Common Pleas.

DOWNEY, C. J.—The appellee is an attorney at law, and was appointed by an order of the circuit court of Fountain county, to assist in the defense of a person charged with the crime of murder. For this service he presented his claim to the board of commissioners in the sum of three hundred dollars. The board allowed one hundred and fifty dollars, and refused to allow any more. Wood appealed to the common pleas, where he amended his claim by increasing the amount to five hundred dollars. The commissioners demurred to the complaint, or claim, and their demurrer was overruled. They then filed a general denial, on which the case was tried by the court; finding for the plaintiff for five hundred dollars; motion for a new trial overruled; and judgment for the plaintiff.

Two errors are assigned; first, the overruling of the demurrer; and, second, the refusal to grant a new trial.

The claim, as it was when presented to the court on demurrer, was a follows:

"FOUNTAIN COUNTY, To SAMUEL F. WOOD, Dr.

To services as attorney, rendered by order and appointment of the circuit court of said county, at the August term, 1869, of said court, in the defense of the case of The State of Indiana *v.* Frederick Remster. -  -  - $500 00

Sept. 7th, 1869."

The objection to it, on demurrer, was that the court had no jurisdiction, and that the complaint did not state facts sufficient.

The first question is, had the common pleas jurisdiction? It is insisted that the appeal, in such a case, can only be taken to the circuit court, and not to the common pleas. This question has been decided both ways by this court, *The Board of Commissioners of Huntington County* v. *Boyle*, 9 Ind. 296, for; and *The Board of Commissioners of Wells County* v. *Weasner*, 10 Ind. 259, and *The Board of Commissioners of Huntington County* v. *Brown, id.* 545, against, the jurisdiction of the common pleas.

But in the last two cases the attention of the court seems

not to have been called to section 31, p. 253, 1 G. & H. We think the language of that section sufficiently broad to embrace this case, and, as said in the case in 9 Ind. *supra*, " this, being the later provision, governs," and renders it proper to appeal either to the common pleas or circuit court. See, also, *Wright, Auditor of Marion County*, v. *Harris*, 29 Ind. 438.

The facts stated in the claim, or account, are sufficient. No formal complaint in such a case is necessary. In presenting claims to the board of commissioners for allowance, it is sufficient to make out the account in the form used in this case, and the law does not contemplate the filing of a new complaint in the appellate court.

In arguing the question raised by the demurrer, the appellant's counsel insists that, as the county had already, by an order of the board of commissioners, retained an attorney to defend all poor persons prosecuted in the courts of the county, at a fixed compensation, the circuit court and the appellee were bound to take notice of this fact, and that the circuit court could not appoint the appellee to assist in the defense of the case to which reference is made in this case. And it is insisted that the circuit court has no power, in any case, to make an appointment which will be binding on the county, and render the county liable for the services.

This subject was considered by this court in *Webb* v. *Baird*, 6 Ind. 13, with reference to the Revised Statutes of 1843, and it was held that the county was liable, *ex necessitate*, for the value of the services of an attorney appointed by the circuit court to defend a poor person in a criminal action; but that the circuit court could not fix the measure of compensation. It was conceded in that case that there was then no statute expressly authorizing the court to appoint the attorney and render the county liable for his services.

Our present statute would seem not only to authorize the appointment, but also to confer authority to fix the amount of the compensation. It is provided, in the act to authorize and limit allowances by courts and boards, and drafts upon county treasurers, as follows :

"Sec. 2. The auditor may draw his warrant on the treasurer for a sum, the amount whereof, and the time when, and the person to whom, the same may be due, are fixed by law, or ascertainable from a public record, with proof of personal identity.

"Sec. 3. He may also draw his warrant upon the treasurer for a sum allowed, or certified to be due by any court of record, authorized to use a seal, and having jurisdiction beyond that of justices of the peace; or by the board of county commissioners.

"Sec. 4. The said courts may allow sums to persons serving as assistants to the sheriff, in preparing the court house for the reception of such courts, and in preservation of order, and in attendance upon juries, and to persons performing *any services* under the order of such court. But the number of such assistants employed shall never exceed the actual necessity of the case." 1 G. & H. p. 64.

Conceding that the fact was judicially known to the judge of the circuit court that the county commissioners had retained an attorney by the year to defend poor persons charged with crime, which we do not concede, it does not follow that there may not have been circumstances in this case, such as the disproportion, in numbers or talents, between the counsel for the State and those of the defendant, or in the gravity of the charge made against the defendant, which would have justified the court in assigning additional counsel in behalf of the prisoner. But it is not made to appear that the person whom the commissioners had appointed was in attendance at the court, or that the appellee was not appointed on account of his absence. This point is not well presented by the demurrer. The court committed no error in overruling the demurrer.

The second allegation of error, which is, that the court incorrectly refused to grant a new trial, cannot be sustained. The evidence justified the finding.

The judgment is affirmed, with costs.

*J. Buchanan* and *M. M. Milford*, for appellant.