## THE BOARD OF COMMISSIONERS OF BLACKFORD COUNTY *v.* SHRADER.

TOWN.—*Street Improvements.—County Commissioners.—Appeal.*—The contractor for the improvement of a street bordering on a public square in a town, upon receiving an estimate for work done, may present his claim therefor in the form of an account against the county, to the board of commissioners, who have the power to allow it; and if payment is refused, he may either appeal from the action of the board to the circuit court, or bring an action against the county.

SAME.—*Pleading.—Evidence.*—It is not necessary that the account so presented should state that all the steps required by law to make a valid assessment were taken, but evidence thereof can be introduced on the trial on appeal.

SAME.—*Lowest Bidder.—Evidence.*—The evidence, in such trial on appeal, is not insufficient, merely because it does not show the contract to have been given to the lowest bidder.

SAME.—*Construction of Statute.—Question of Fact.*—Who is the lowest bidder, is a question of fact arising prior to the making of the contract, and, under the statute, cannot be inquired into on the trial of the action for work done.

SAME.—*Trustees of Town.—Petition.—Public Square.*—To render a county liable for the improvement of a street around a public square, made by order of the board of trustees of a town, it is not necessary that a petition for such improvement be filed.

APPEAL from the Blackford Circuit Court.

DOWNEY, C. J.—The trustees of the town of Hartford City made an order for the improvement of the streets around the public square in that town; after advertising, the work was let to Shrader; the sum of fifty dollars and eighty cents being due him as an estimate for work done, he presented his claim therefor to the Board of Commissioners, which being disallowed, he appealed to the circuit court, where his claim was allowed and judgment therefor rendered, from which judgment the commissioners appealed to this court.

Several errors are assigned, but the third and fourth cover all the questions discussed in the briefs. These alleged errors are : third, that the cause of action does not state facts sufficient; and fourth, the refusal of the circuit court to grant a new trial.

It is provided in the act of April 27th, 1869, special session 1869, p. 33, section 1, that the board of trustees of towns

shall have exclusive power over the streets, alleys, highways, etc., within the town, etc. Section 8, p. 35, authorizes the trustees, on petition of a majority of all the resident owners of any lots or parcels of land, to cause the streets or alleys to be graded, paved, gravelled, etc. It further provides, "that the said board of·trustees may order the improvement as aforesaid of any street around the public square in such town without the filing of such petition, and when the county in which such town is situated owns or controls real estate bordering on such public square, it shall be subject to the same rules and regulations as to payment for said improvements as the citizens of said town."

Section 10, p. 36, provides for the making of estimates from time to time of the work done, makes the same a lien on the property, and gives the contractor an action therefor if not paid, by suit in any court of competent jurisdiction. It also provides that in such suits no question of fact shall be tried which may arise prior to the making of the contract, etc.

The contractor, thus having a claim against the county, was authorized to present it to the county commissioners for allowance, and they had the power to allow it. 1 G. & H. 249, sec. 13. If the claim was disallowed, he had his choice to appeal or bring an action against the county. 1 G. & H. 65, sec. 10. This appeal might be to the circuit or common pleas court. 1 G. & H. 253, sec. 31.

The claim presented to the commissioners was as follows:

"BLACKFORD COUNTY, INDIANA.

To Wm. M. Shrader　　　　　　　　　　　　　　Dr.

Sept. 8th, 1869. To gravelling street bordering on public square, as per estimate of August 23d, 1869, beginning thirty-seven and one-quarter feet from south-east corner of fence around the public square, thence west two hundred and fifty-four feet, thence south seven and one-half feet, thence east two hundred and fifty-four feet, thence north seven and one-half feet, to the place of beginning, at twenty cents per lineal foot, fifty dollars and eighty cents."

We think this claim was sufficient. It was not necessary to allege in it all the steps which the law required to be taken to render the county liable. Under the allegation that the county was indebted to him, we think the claimant might introduce evidence of the facts necessary to show the liability. See *The Board of Commissioners of Fountain County* v. *Wood*, 35 Ind. 70.

It is urged by counsel for the appellant that the case turns upon the construction to be given to that part of section 8 which speaks of "real estate bordering on such public square." We do not think so. The board of trustees is expressly authorized to order the improvement of any street around the public square without the filing of any petition; and the cost of this improvement, so far as chargeable to the county, we think, is to be charged against the public square. The real estate bordering on such public square, referred to in section 8, is real estate other than the public square, which the county owns or controls, and which also is made "subject to the same rules," etc.

But it is urged, secondly, that the evidence was insufficient, because it did not show that Shrader was the lowest bidder for the contract. We think there are two sufficient answers to this objection: 1. That the trustees were not bound to accept the lowest bid. The lowest bidder may not be responsible, or competent, or perhaps there may be other reasons for not awarding to him the contract. 2. The law under which the improvement was made, as we have seen, provides that no question of fact shall be tried which may arise prior to the making of the contract, etc. The determination of the question as to who is the lowest and best bidder precedes the making of the contract, and cannot, therefore, be inquired into in an action to recover for the work done. The reason for this provision is very evident. *Hellenkamp* v. *The City of Lafayette*, 30 Ind. 192. Whether the rule is of general application or not, we think that in this case "the laborer is worthy of his hire."

The judgment below is affirmed, with ten per cent. damages and costs.

*I. Van Devanter* and *J. F. McDowell*, for appellant.

*A. B. Jetmore* and *W. A. Bonham*, for appellee.

