## MILLS *v.* THE BOARD OF COMMISSIONERS OF HENDRICKS COUNTY.

TAX.—*Repayment by Counties of Illegal Taxes.—Statute Construed.*—When the legislature directed the repayment to the counties (Acts 1873, p. 210) of the taxes collected by reason of the illegal addition by the state board of equalization to the valuation of lands in 1869, the intention was, that the same should be refunded by the county to the parties who had paid the same.

SAME.—*Presumption.*—It will be presumed that the money directed by the above act to be paid by the State to the counties has been so paid.

SAME.—A county to which such fund is paid stands in the position of a trustee for those who paid such illegal taxes.

SAME.—*Township Tax.*—Township tax paid on account of the illegal addition to the valuation of lands, made in 1869, cannot be recovered of the county.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellant.

*J. V. Hadley* and *J. S. Ogden,* for appellee.

DOWNEY, J.—The appellant, a citizen and tax-payer, presented to the board of commissioners a claim for thirty-four dollars and forty-three cents, money erroneously assessed and collected from him by the State for state tax, and by the county for county tax, on his real estate, for the years 1869 and 1870, and moved the board to direct that an order be issued to the treasurer in his favor for the amount. A bill of particulars was filed with the claim as follows:

" To money unlawfully paid to the State of Indiana by John Mills, in the years 1869 and 1870, for state purposes, and which is now in the treasurer's office of said county, held in trust for J. Mills, eleven dollars and nine cents; to money unlawfully collected off John Mills for county and other purposes, and held by said county of Hendricks in trust for John Mills, twenty-three dollars and thirty-four cents. Total, thirty-four dollars and forty-three cents."

The board refused to allow the claim as to state and township taxes, and sustained it as to county taxes, and allowed the appellant nine dollars and ninety cents, being the amount of taxes paid by him on account of county tax for said years on the illegal assessment of ten per cent. on his land, and ordered a warrant to be drawn in his favor for that amount.

On appeal to the circuit court by the plaintiff, the cause was submitted on the following agreed statement of facts:

" It is agreed that on account of the unauthorized resolution and action of the State Board of Equalization, at its session at Indianapolis, on the first Monday of July, 1869, the auditor of Hendricks county, without authority of law, added to the real estate appraisement of said county ten per cent., which was placed by him on the tax duplicate for the years 1869 and 1870 ; that on account of this addition of ten per cent., the plaintiff paid for the years 1869 and 1870, on account of state revenue, eleven dollars and nine cents ; on account of county revenue, nine dollars and ninety-two cents ; on account of township revenue, thirteen dollars and forty-two cents ; which tax was, by the plaintiff, voluntarily paid to

the treasurer at the same time his other taxes were paid, without knowledge of its wrongful and illegal assessment.

"C. C. NAVE,
"Attorney for Plaintiff.
"HADLEY & OGDEN,
"Attorneys for Defendant."

On the facts thus agreed, the court found for the defendant, overruled a motion made by the plaintiff for a new trial, and rendered judgment for the defendant.

The assignment as error of the action of the court in overruling the motion for a new trial presents the only question in the record. The grounds of the motion were, that the finding of the court was contrary to law, and was not sustained by the evidence, but was contrary thereto.

The case on the part of the appellant is argued with reference to the statute of March 2d, 1853, Acts 1853, p. 131, also found at p. 110, 1 G. & H., and also with reference to the act of March 8th, 1873, Acts 1873, p. 210.

As we do not wish to decide anything more than is necessary to dispose of the disputed questions in the case, we shall assume that there is no longer any controversy about the amount paid for county taxes, since, as to that, the claim was allowed by the commissioners, and an order was directed to be issued therefor.

The question is, was the county liable for the amount paid for state and township taxes, the other items mentioned in the claim with the county taxes?

The act of March 2d, 1853, authorizes, by the first section, the board of commissioners to repay any amount wrongfully assessed against any person, etc., for county taxes. The second section authorizes the board, where a portion of the amount wrongfully assessed and paid has been for state purposes, to certify the amount to the auditor of state, who is required to draw a warrant therefor on the treasurer of state, who is to pay the same out of the state treasury. There is nothing in this act which affords the appellant any remedy in this form beyond the amount paid for county taxes.

Looking to the act of March 8th, 1873, we find that it appropriates to Hendricks county nineteen hundred and seventy-one dollars and sixty-four cents, on account of the illegal addition made by the State Board of Equalization, in 1869, in the valuation of lands, directs the auditor of state to issue a warrant therefor on the treasurer of state, in favor of the county, and in his next annual settlement with the county treasurer for state revenue, to allow the county treasurer a credit for the amount, and the county treasurer is required to charge himself with the amount in his account with the county. There is no express provision in the law for repayment, in any way by the county, to the persons who paid the taxes, of the amounts paid by them.

It does not appear by the agreed facts, except as it may be inferred upon the presumption that the officers have done their duties, that the money in the state treasury was ever, in fact, paid over to the county as contemplated by the act.

The majority of the court hold, as to the state tax:

1. That when the legislature directed the fund to be repaid to the county, the intention was, that the same should be refunded by the county to the parties who had paid the same; that the county stands in the position of a trustee for them, and that they are entitled to recover the amount from the county.

2. They also hold that no evidence that the money was actually paid over by the State to the county was necessary, for the reason that as it was the duty of the officers to pay the same over, it will be presumed that such payment was, in fact, made before this proceeding was commenced.

Upon both of these propositions, the writer of this opinion dissents from the opinion of the majority. Upon the first point, he is of the opinion, that, as the tax was voluntarily paid by the appellant, as is shown by the agreed facts, he had no right to recover the amounts from any one. *Jenks* v. *Lima Township,* 17 Ind. 326 ; *Martin* v. *Stanfield,* 17 Ind. 336 ; *Lima Township* v. *Jenks,* 20 Ind. 301. The money having gone into the public treasury, and being beyond the reach of

the party who paid it, there was no legal duty resting upon the State to refund it. The State might refund it to the parties paying or not, as it pleased, or the State might bestow it upon the county where it was collected, and in that way, indirectly, give the parties who had paid it the benefit of the fund in lessening the amount of taxes which they would, in the future, have to pay for county purposes. The legislature saw fit to pursue the latter course, and bestow the fund upon the county, without any provision in the law for paying the same to the persons from whom it had been received. It is scarcely conceivable that the legislature, when it had the matter in hand, would have stopped short of making such a provision, had it really intended that such repayment should be made. For the court to hold the county bound to pay the money to those from whom it was received, is simply to supply this lack on the part of the legislature by judicial decision. The writer thinks it would be far better to let the legislature do this, than that it should be done by the court.

On the second ground of dissent, the writer does not think that there is any presumption that the money which was in the state treasury has been paid into the county treasury, and he thinks that, without evidence of that fact, the case was rightly decided by the circuit court against the appellant. He concedes that there are cases where presumptions will be made as to the acts of officers, but does not think there is any rule of law which will enable the court to presume the doing of acts, such as those required to be done in this case to transfer the money in question from the state to the county treasury. And if this could be presumed, he does not think that there is or can be any presumption as to the time when such acts were done. The maxim, *omnia præsumuntur rite et solemniter esse acta*, in none of its applications, can operate to this extent to supply the place of evidence. Best Presumptive Ev. 74, star paging; Broom Leg. Max. 942.

As to the township tax, we all agree that the judgment is right. The tax was voluntarily paid, and, under the decisions cited, cannot be recovered back. We think also that the county

is not required, if there was no other objection, to refund township taxes.

The judgment is reversed, with costs, and the cause remanded for further proceedings.