## THE BOARD OF COMMISSIONERS OF TIPPECANOE COUNTY *v.* EVERETT.

COUNTY COMMISSIONERS.— *Claims.*—A claim filed before a board of county commissioners for allowance need not possess all the essentials of a complaint in an action.

SAME.— *Contract with Board of Commissioners.*—Where county commissioners have made a written contract employing an attorney for the board for a certain period, at a stipulated price, to be paid quarterly, the board cannot afterwards rescind the contract without the consent of the attorney, if he be without fault, and he may claim each quarter's pay as it becomes ,due under the contract, or he may claim for several quarters after they become due.

From the Tippecanoe Circuit Court.

*J. M. Larue* and *Wilson & Adams,* for appellant.

*Huff, Langdon & Pettit, H. F. Blodgett* and *F. B. Everett,* for appellee.

DOWNEY, J.—The appellee filed the following claim before the board of commissioners of Tippecanoe county, viz. :

" The board of commissioners of the county of Tippecanoe Indiana, to Frank B. Everett Dr.

" To amount due him from March 6th, 1871, to December 2d, 1872, (seven quarters) under contract entered into between said Everett and said board, November 5th, 1870, which contract is recorded upon the records of said board in book 1, page 321, and a copy of which contract is herewith filed, eight hundred and seventy-five dollars."

The board refused to allow the claim, and Everett appealed to the circuit court.

In the circuit court, the appellant answered:

1. A general denial.

2. That on and prior to the 5th day of November, 1870, the plaintiff, under a general employment with the board, was and had been acting as the attorney for the board, receiving his compensation quarterly, at the regular sessions of the board, which general employment continued until the 5th day of December, 1870, that being the commencement of the December session of said board for that year, at which session he received his allowance for the quarter immediately preceding said session; that on the 5th day of November, aforesaid, the board entered into a written agreement with the plaintiff, by which the board employed said plaintiff as the attorney of the board until the first Monday of December, 1872, at a compensation of five hundred dollars per annum, payable quarterly at the regular sessions of said board, a copy of which agreement is filed, as entered on the minutes of said board; that afterwards, on the 10th day of December, 1870, the board rescinded or abandoned said contract with said plaintiff, and entered such rescission or abandonment on their record, of which the plaintiff had notice. A copy of this order is also filed; since which time the plaintiff has not acted for or rendered any service for the board under such agreement.

It is further alleged, that afterwards, on the 4th day of March, 1871, the plaintiff filed his claim before said board for one hundred and twenty-five dollars, or one quarter's

salary, for services as such county attorney, in the records following, viz.:

"Tippecanoe County

"To J. B. Everett            Dr.

"To services as county attorney for quarter end-

ing March 6th, 1871, . . . . $125.00."

It is then alleged that the board, on the 6th day of March, 1871, refused to allow the claim; that the plaintiff appealed to the circuit court, which appeal was tried and resulted in a finding and judgment in favor of the plaintiff. A copy of this judgment is also filed with the answer; and it is alleged that the judgment was not set aside or appealed from, but was fully paid.

It is also alleged that the claim sued on in this case is founded on the same agreement, and is for seven additional quarters of salary, to which said plaintiff claims to be entitled by virtue of said agreement, and for no other consideration whatever. Wherefore, it is claimed that the plaintiff is barred of any further claim on said contract.

A demurrer to the second paragraph of the answer was filed by appellee, and sustained by the court. There was a trial by the court, and a finding for the plaintiff. A motion for a new trial and a motion in arrest of judgment were made and overruled, and there was final judgment for the plaintiff.

Errors are assigned as follows:

1. Sustaining the demurrer to the second paragraph of the answer.

2. Overruling the motion for a new trial.

3. Overruling the motion in arrest of judgment.

4. In rendering judgment for appellee, because there was no complaint on file containing sufficient averments on which to base a judgment.

5. That the complaint does not state facts sufficient to constitute a cause of action.

We need not examine each assignment of error separately. One question made is as to the sufficiency of the claim filed.

It is insisted that the court should, on the demurrer to the second paragraph of the answer, have held the claim insufficient.

It is urged, among other objections, that the contract on which the claim is founded, although professedly made part of the claim, is not found in the record in connection with it. This position, if the pleading was a formal complaint in a regular action, would deserve consideration, and the objection would probably be well taken; but claims filed before the board, for allowance, need not possess all the essentials of a complaint in an action. We think the claim in this case was sufficient. *The Board of Commissioners, etc.*, v. *Wood*, 35 Ind. 70; *The Board of Commissioners, etc.*, v. *Shrader*, 36 Ind. 87.

This disposes of the objection made to the complaint in this form, and also disposes of the third, fourth and fifth assignments of error.

The first assignment of error brings before us the question as to the sufficiency of the second paragraph of the answer. It is claimed by the appellant that the allowance of the claim for one hundred and twenty-five dollars, for the quarter's services ending March 6th, 1871, inasmuch as prior to that time the board had, on their part, abrogated the contract, was a bar to any further claim on the part of the appellee. It is urged that the abrogation of the contract by the board gave the plaintiff a right to claim full damages for the breach of the contract for the whole time; and therefore an allowance for part of the amount which the plaintiff might have claimed is a bar against any further claim.

Protesting against any inference that the doctrine relating to defences of former recovery is in all respects applicable here, we think the position of appellant cannot be sustained. While it may be that the appellant might have claimed for the whole amount of damages to which he was entitled, treating the contract as abrogated and ended by the act of the commissioners, a point we need not decide, still we do not think he was bound to do so. As the plaintiff is not shown

to have been in fault, it was not in the power of the board to rescind the contract without his consent.

We think the plaintiff might claim each quarter's pay as it fell due, under the contract, or might claim for the several quarters after they became due, as he did in this case.

There is no question presented under the second assignment of error, not already decided.

The commissioners, showing no reason for violating their contract with the appellee, and having, as we think, no substantial ground for appealing to this court, should be charged with the highest rate of damages that we are authorized to assess; but, as there does not appear to have been any stay of execution, by the giving of an appeal bond or obtaining a *supersedeas,* no damages can be awarded.

The judgment is affirmed, with costs.