THE BOARD OF COMMISSIONERS OF FOUNTAIN COUNTY *v.* LOEB ET AL.

COUNTY COMMISSIONERS.—*Absence of Papers, on Appeal.*—*Dismissal of Appeal.*—*Practice.*—The absence of material papers in a cause appealed from a board of county commissioners to the circuit court is ground for a motion to cause them to be supplied, but not to dismiss the appeal.

SAME.—*Defective Appeal Bond.*—The fact that the appeal bond given on appeal from a board of commissioners to the circuit court is made payable to the county, instead of to the board of county commissioners, is not ground for dismissing the appeal, but may be reached by motion.

SAME.—*Complaint.*—*Names of Parties.*—An account against a board of commissioners, filed for allowance, was in the form of an ordinary account, specifying the county as the debtor and the claimants in their partnership name, but sworn to in their individual names.

*Held,* that, on demurrer, this was sufficient, both before the board and in the circuit court on appeal.

SAME.—*Appeal.*—*Goods furnished for Pauper.*—An appeal will lie to the circuit court, from the decision of a board of commissioners, refusing an allowance for clothing furnished for a pauper, on the order of a township trustee.

SAME.—*Order of Board.*—*Notice by Publication.*—An answer alleging that the board had made, entered of record, and by publication given notice of, an order that no goods for paupers should be paid for in the future, in ex-

cess of a specified amount, alleging notice thereof to the township trustee, but not alleging that the claimant had notice thereof before the goods were furnished, is insufficient.

SAME.—*Refusal of Trial by Jury.—Waiver.—Change of Venue.*—Where a county is a party to an action for the recovery of a money judgment, pending in a court of that county, and, refusing to take a change of venue, persistently challenges all jurors empanelled in the action, for cause, the court may disregard its demand for a trial by jury, and try the cause itself.

From the Fountain Circuit Court.

*H. H. Dochterman* and *T. L. Stilwell*, for appellant.

*W. A Tipton* and *S. F. Wood*, for appellees.

BIDDLE, J.—The appellees filed their account before the Board of Commissioners of Fountain County, for clothing furnished to poor persons, a part of which was for burial purposes, by order of the township trustee of Troy Township, amounting to thirty-eight dollars and sixty cents. The board allowed five dollars of the account, but refused to allow the balance.

The appellees appealed to the circuit court. In the circuit court, the board moved to dismiss the appeal. The motion was overruled. The board then demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled.

Answer in five paragraphs. Demurrers alleging a want of facts were overruled to the second and fourth paragraphs of answer, and sustained to the third and fifth paragraphs.

Reply in general denial. Trial by the court, and finding for the appellees, for thirty-nine dollars and sixty-four cents. Motion for a new trial overruled; judgment on the finding, and appeal.

The record presents, and the parties discuss, the following points:

1. That the court erred in overruling the motion to dismiss the appeal.

The Board of Commissioners of Fountain County *v.* Loeb *et al.*

The ground taken for this motion is, 1. That all the papers in the cause were not filed in the circuit court ; 2. That there is no sufficient appeal bond filed in the case ; and, 3. That it is a case in which an appeal will not lie.

What papers in the case were not filed in the circuit court does not appear. If they were of any importance, they could have been obtained on motion of either party, if in existence ; if not, they could have been supplied.

The objection taken against the bond is, that it is made payable to Fountain County instead of to the Board of Commissioners of Fountain County. In appeals from the board of commissioners, the statute declares that the case shall not be dismissed on account of a defect in the appeal bond, but that the appellant, " when required by the court to which such appeal is taken," shall file a sufficient bond. If the board of commissioners wanted a better bond, they could have had it on motion, doubtless ; but the defect in the bond was not ground for the dismissal of the appeal. Acts 1875, p. 112, sec. 1.

The case is one in which an appeal will lie. No appeal will lie from the decision of the board of commissioners, in making allowances for services voluntarily rendered, or things voluntarily furnished for the public use, but this is not such a case. The court was right in overruling the motion to dismiss the appeal. 1 R. S. 1876, p. 63, sec. 9.

2. The ground taken in support of the demurrer to the complaint is, that the account is made out against Fountain county, instead of the Board of Commissioners of Fountain county, and does not show the full names of the appellees. The form of the account is as follows :

" Fountain County, Indiana,

" To L. & J. Loeb, by C. W. Clark, Dr."

The items are then stated. This form of account is sufficient before the board of commissioners, and, being

sufficient there, is sufficient in the circuit court on appeal. No particular form of pleading is required in such a case. It is quite different from bringing the board of commissioners into another court by process. The board can not mistake its own identity, nor the identity of the county it represents. The case of *The Board of Commissioners of Fountain County* v. *Wood,* 35 Ind. 70, is in point. See, also, *The Board of Commissioners of Blackford County* v. *Shrader,* 36 Ind. 87 ; and *The Board of Commissioners of Jennings County* v. *Verbarg,* 63 Ind. 107.

The affidavit attached to the account, by which it is sworn to, states the full names of the appellees. This is sufficient. Perhaps, the account could have been made more certain on motion, but it is not subject to demurrer for want of facts. *Jameson* v. *The Board of Commissioners of Bartholomew County,* 64 Ind. 524.

3. Sustaining the demurrer to the third paragraph of the appellant's answer.

This paragraph avers that the board of commissioners, on the 10th day of December, 1875, at a regular session, made and entered of record the following order :

" Ordered, That, from and after this date, no bills for burial clothes for paupers will be allowed when said bills exceed the sum of five dollars per suit ; and it is further ordered that the above order be published—one insertion— in the 'Attica Ledger ' and ' People's Friend.' "

That said order was published as ordered, and that Charles W. Clark, the trustee of Troy township, had notice of said order at the time the articles were purchased of the appellees ; but the paragraph contains no averment that the appellees had notice of said order at the time they furnished the goods.

Without deciding what would be the effect of such order, if notice of it had been traced to the appellees before they sold the goods to the township trustee, it is clear that

without they had such notice before they furnished the goods, the paragraph is insufficient. The demurrer to it, therefore, was properly sustained.

4. The fifth paragraph of answer sets out a different order passed and published by the board of commissioners, but it brings no notice of the order to the appellees before they furnished the goods to the township trustee. It is, therefore, insufficient for the reasons given above, if upon no other ground.

It may be mentioned that the second paragraph of answer, upon which issue of fact was taken, includes all the averments contained in the third paragraph, to which the demurrer was sustained; and that the fourth paragraph, upon which issue of fact was taken, contains all the averments in the fifth paragraph, to which the demurrer was sustained; and that neither of the paragraphs amounts to any thing more than a denial of the claim, except as to five dollars. As the general denial was pleaded, we can not see how the appellant was injured at the trial by the condition of the pleadings.

5. But a more serious and difficult question remains to be decided. It is claimed that the appellant was denied the right of trial by jury, although it was at the time demanded. A bill of exceptions brings before us the following facts :

A jury was placed in the box, each juror of which, upon his *voire dire*, stated that he was a resident and tax-payer of Fountain county, in the State of Indiana. Upon this state of facts, the appellant challenged each juror for cause. The challenge was properly sustained. *Hearn* v. *The City of Greensburgh*, 51 Ind. 119. "And thereupon the court asked the defendant if she would try or submit said cause for trial to any jury, or to any persons selected as jurors from the resident citizens and taxpayers of Fountain county, Indiana ; and the defendant answered that she would not, but

would challenge every such jury, and such persons selected as jurors, for the reason that such jury, and such persons and jurors, would be interested in the result of the suit. The plaintiffs then demanded a trial of said cause by the court, without the intervention of a jury.

"The court then announced to the defendant, if she would prepare and file in said court, in said cause, a motion and affidavit for a change of venue in said cause, from the county, for the reason that the county was a party, the motion would be sustained, and the change of venue granted; and that, if the defendant refused to make and file such affidavit and motion, the cause would be set down for hearing and trial before the court, without the intervention of a jury. The defendant thereupon refused to make and file in said cause such affidavit and motion for a change of venue of said cause. The plaintiffs then demanded a trial of said cause before the court, without the intervention of a jury. The defendant demanded a trial of said cause by and before a jury consisting of impartial and disinterested jurors, but defendant refused to try said cause by or before any jury or persons selected as jurors from the citizens and taxpayers of Fountain county, Indiana. And the court thereupon, over the objection and exception of the defendant, at the time made, set said cause down for hearing and trial before the said court, without the intervention of a jury; and thereupon the said court proceeded to hear and determine said cause, and did hear, try and determine said cause, without the intervention of a jury, over the objection and exception of the defendant at the time made, the defendant then and there claiming and insisting on her right to a trial of said cause by and before a jury consisting of impartial and disinterested jurors."

Section 340 of the code provides that "The trial by

jury may be waived by the parties in all actions, in the following manner:

" *First.* By failing to appear at the trial;

" *Second.* By written consent in person, or by attorney, filed with the clerk;

" *Third.* By oral consent in open court, entered on the record."

In the case of *Shaw* v. *Kent*, 11 Ind. 80, it was held that, as the Legislature had provided certain modes of waiving the right of trial by jury, all other modes were impliedly excluded. In the case of *The Madison and Indianapolis R. R. Co.* v. *Whiteneck*, 8 Ind. 217, this court decided that if a party voluntarily abstain from claiming the right of trial by jury, in a given case, it may be judicially held that the right is waived. In *Hauser* v. *Roth*, 37 Ind. 89, the case, which was for a specific performance of a contract for the sale and conveyance of real estate, was referred to a master. Upon return of the master's report, the defendant moved the court that a jury be called to try the cause. The motion was overruled, and exception reserved. As the appellant was in court at the time the cause was referred to the master, and was required to furnish him with a bill of particulars of the items of account claimed in his answer, it was held that he had thus waived his right to a trial by jury, by " oral consent in open court, entered on the record;" and the case was thus reconciled with that of *Shaw* v. *Kent*, 11 Ind. 80. See, also, *Clem* v. *Durham*, 14 Ind. 263.

The constitution declares that, in all civil cases, the right of trial by jury shall remain inviolate; but it is left to the Legislature to prescribe the mode by which this right shall be asserted. As it is impossible to obtain jurors in a county, who are not pecuniarily interested, in some small degree at least, in every suit wherein the same county is a party, it is provided by section 207 of the code, that, when the

county is a party to a suit, it shall be cause for a change of the venue. This necessary regulation does not violate the right of a county, nor the right of any citizen in the county, to a trial by jury in a case where the county is a party. Its purpose is to preserve the right, which could not otherwise be enjoyed; and whoever desires to enjoy that right, of trial by jury, might claim it according to the method prescribed by the law. The interpretation of the constitution, as claimed by the appellant, would deny the right of trial by jury in all cases where the county in which it was had was a party to the suit, unless both parties would waive the objection on account of the interest of the jurors in the result of the suit, and would put it in the power of either party to effectually block the administration of justice in all such cases. We can not approve of this view. In this case the appellant demanded the right of trial by jury in a way that made it impossible for the court to grant it, because there was no law authorizing it by that method, and refused to accept the right, when proffered in the only way prescribed by the law. When the appellant orally, in open court, demanded the right of trial by jury contrary to law, and refused orally, in open court, to accept the right according to law, and such demand and refusal were made matter of record, it is not doing violence to the meaning of words, to hold that the appellant waived the right of trial by jury, " by oral consent in open court, entered on the record." Under such circumstances, the court did not err in trying the case without the intervention of a jury, and over the objection and exception of the appellant.

The judgment is affirmed, at the costs of the appellant.