Newsom v. The Board of Commissioners of Bartholomew County.

No. 10,399.

NEWSOM v. THE BOARD OF COMMISSIONERS OF BARTHOLOMEW COUNTY.

COUNTY COMMISSIONERS.—*Claims.*—*Pleadings.*—In filing claims for allowance before a county board, the formalities of a complaint in other courts are unnecessary, but it is enough to state the claim in the form of an account.

SAME.—*Refunding Taxes.*—The statute, R. S. 1881, section 5813, makes it the duty of the county board to refund to taxpayers county taxes wrongfully assessed, and to certify State taxes so assessed and collected to the Auditor of State.

SAME.—*Wrongful Assessment of Taxes.*—*Presumption.*—State taxes wrongfully collected by reason of the illegal increase of valuations made by the State Board of Equalization in 1869 will be presumed to have been refunded to the counties as required by the act of March 8th, 1873, and in such cases it is the duty of the county to refund to the taxpayers.

STATUTE OF LIMITATIONS.—*Demurrer.*—A statute of limitations containing exceptions is not available on demurrer to a complaint, unless the complaint shows a case not within any of the exceptions.

From the Bartholomew Circuit Court.

*D. L. Wilson, H. S. Downey, A. Major, M. Hacker* and *W. T. Strickland,* for appellant.

*N. R. Keyes,* for appellee.

BLACK, C.—The appellant presented a petition, or complaint, to the board of commissioners of Bartholomew county, at the December term, 1881, of said board. The complaint contained three paragraphs, to each of which a demurrer filed by the appellee by attorney, for want of sufficient facts, was sustained by the board; and thereupon the board dismissed the petition. The appellant appealed to the circuit court, where a demurrer for want of sufficient facts was sustained to each paragraph of the complaint.

In the first paragraph it was alleged that during the year 1869, the appellant was the owner of certain taxable real estate in said county; that said real estate was appraised for taxation during said year by the real estate appraiser, at the

sum of $9,500; that the pretended State Board of Equalization, which met to equalize the appraisements of real estate in said county and other counties of the State, illegally and without authority ordered that ten per cent. be added to the valuation of said real estate of the appellant as made by said appraiser; that said addition was so made by the auditor of said county, and said increased valuation was illegally and wrongfully placed on the tax duplicate for the years 1869 and 1870, and the appellant was compelled to pay and did pay, on account of said illegal and wrongful addition for State and county taxes for said years, the sum of $15.29; that said pretended State Board of Equalization was not a legal board of equalization for State purposes, and was not composed of delegates chosen by legal district boards of equalization, in this, to wit, that neither of the district boards of equalization was composed of the auditors of the several counties of the district as prescribed by law; that the auditors of the counties composing the third congressional district did not meet at the county seat of Jennings county, as required by law, to choose a delegate to said State Board; that if there were any legal delegates or members of said State Board present at said meeting, such legal members did not compose a majority of the number of delegates required by law; that said sum was justly due the appellant, and that on the —— day of September, 1881, he had demanded of the treasurer and auditor of said county payment thereof, which was refused; and he asked that said sum of $15.29 be refunded to him.

In the second paragraph it was alleged that during the year 1869, the appellant was the owner of certain taxable real estate in said county; that it was appraised for taxation during said year at $9,500 by the real estate appraiser; that the pretended district board of equalization, which met to equalize the appraisement of the real estate situate in said county and other counties of the third congressional district, decreased the valuation of real estate in said county ten per cent., and the pretended State Board of Equalization, which

met in 1869 to equalize the appraisement of the real estate of said county and the other counties of the State, illegally and without authority ordered that twenty per cent. be added to the valuation of said real estate of this petitioner over the valuation as made by said pretended district board; that said addition was so made by the auditor of said county, and said increased valuation was illegally and wrongfully placed on the tax duplicate for the years 1869 and 1870; that the appellant was compelled to pay and did pay on account of said illegal and wrongful addition for State and county taxes for said years the sum of $15.29; that said addition was illegal and void for the reason that it was based upon the appraisement of said district board; that said district board was illegal in its organization, in that it was not composed of the auditors of the counties of the third congressional district, and it did not meet at the county seat of Jennings county; that said State Board was not a legal board of equalization for State purposes, and was not composed of delegates chosen by legal district boards.

The allegations of the first paragraph concerning the State Board were repeated, and it was alleged that said sum was justly due the appellant, and demand thereof was averred as in the first paragraph, and the plaintiff asked that said sum of $15.29, with interest, be refunded to him.

The third paragraph was as follows:

" *The County of Bartholomew to·John Q. A. Newsom, Dr.:*

"To money unlawfully paid to the State of Indiana by John Q. A. Newsom, in the years 1869 and 1870, for State purposes, and which is now in the treasurer's office of said county, held in trust for said Newsom . . . . . . . . . . . . . . . . . . . . $ 7 78

"To money unlawfully paid to the county of Bartholomew by John Q. A. Newsom, in the years 1869 and 1870, and held by said county in trust for him. 7 51

"Total . . . . . . . . . . . . . . . . $15 29

"That said sum is due and unpaid, for which the under-signed asks an allowance."

The complaint was signed by the appellant, by his attorney.

That the increase in the valuation of the appellant's real estate, made by the State Board of Equalization in 1869, was invalid, and that its invalidity was sufficiently shown by the first and second paragraphs of the complaint, this court has decided. State, ex rel., v. McGinnis, 34 Ind. 452; Shoemaker v. Board, etc., 36 Ind. 175; Jeffersonville, etc., R. R. Co. v. McQueen, 49 Ind. 64.

Claims filed before the board of county commissioners for allowance need not possess all the essentials of a complaint in an action. It is sufficient to state the claim in the form of an account. On appeal from the decision of the board a formal complaint need not be filed in the appellate court. Board, etc., v. Wood, 35 Ind. 70; Board, etc., v. Shrader, 36 Ind. 87; Board, etc., v. Everett, 51 Ind. 543; Board, etc., v. Ritter, 90 Ind. 362; Board, etc., v. Armstrong, 91 Ind. 528.

It is not necessary to determine whether without statutory provision therefor the appellant might recover under any paragraph of his complaint. We find statutory provisions under which we think he could recover under the circumstances otherwise shown in the first and second paragraphs, whether or not they can be said to show that the taxes were involuntarily paid.

Section 1 of a statute enacted in 1853, being section 5813, R. S. 1881, makes it the duty of the board of county commissioners to order to be refunded from the county treasury to a taxpayer taxes paid which were "wrongfully" assessed, so far as they were assessed and paid for county taxes. The next section makes it the duty of the board to certify to the auditor of state the amount of that portion of the taxes so wrongfully assessed and collected, which was paid for State purposes, and which has been paid into the State treasury, and requires the auditor of state to audit, and the treasurer of state to pay, the same.

The Legislature, by an act approved March 8th, 1873, recognized the invalidity of the proceedings by which the appraisements of real property in Bartholomew county and certain other counties were increased, as shown in the first and second paragraphs of the complaint, and provided for refunding from the State treasury to the respective counties the sums of money thus illegally and wrongfully collected therefrom on account of said illegal and wrongful proceedings. Acts 1873, Reg. Sess., p. 210.

We presume that the officers concerned have performed their duties under this statute, and that the amount so illegally and wrongfully collected from Bartholomew county, being $3,227.50, has been refunded to that county. *Mills* v. *Board, etc.*, 50 Ind. 436. In that case it was held, we think properly, that when the Legislature directed the fund to be repaid to the county, the intention was that it should be refunded by the county to the persons who had paid it, and that they were entitled to recover the amount so paid from the county.

Not only was the addition thus made to the appellant's taxes illegal, as not having been assessed and collected in the manner prescribed by law, but irregularly, but, also, it was *wrongfully* assessed. It was not merely an exaction without the observance of proper legal forms of that which the taxpayer ought to have paid, but it was a taking of that, his failure to pay which would have deprived the State and county of no money that ought to have been collected as a portion of the public revenue. The proper interpretation of the word " wrongfully," as used in said statutes of 1853, has been given in the recent carefully considered case of *Board, etc.,* v. *Armstrong, supra.* We think that the unlawful addition made to the appellant's taxes was wrongful within the meaning of said statute of 1853, as construed in that case. It is expressly characterized in said statute of 1873 as illegal and wrongful.

Said statute of 1873 made the provision for certifying to the auditor of state the portion paid on account of State taxes inapplicable to this case, and rendered the county liable for

it as it was liable for the portion paid on account of county taxes.

While the third paragraph did not fulfil the requirements of the rules of pleading in courts of general jurisdiction, and as an account would have been more formal if the claim had been made for taxes wrongfully assessed and paid for the years mentioned, we think the evidence necessary for recovery under said statutes was admissible under either paragraph of the complaint filed before the board of commissioners.

Counsel have discussed, and they ask us to decide, the question whether the appellant's claim was barred by the statute of limitations.

When a statute of limitations contains exceptions, the question whether an action is barred by the statute can not be raised by demurrer to the complaint, unless it shows affirmatively that the action is barred notwithstanding the exceptions. _Harper_ v. _Terry_, 70 Ind. 264, and authorities there cited. The demurrer did not raise the question in this case, and it is, therefore, not before us for decision.

The judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellee, and the cause is remanded, with instructions to overrule the demurrer to the complaint.

Filed Dec. 19, 1883.