No. 11,922.

DUNCAN v. THE BOARD OF COMMISSIONERS OF LAWRENCE COUNTY.

COUNTY COMMISSIONERS.—*Claim Against County.*—*Pleading.*—A statement of a claim which is sufficient to inform the board of commissioners of what is demanded, and to bar another claim for the same thing, without averring all the facts necessary to be proved in order to establish the claim, is sufficient on motion to dismiss, both before such board and in the circuit court on appeal.

SAME.—*Contract to Examine Treasurer's Accounts.*—The board of county commissioners have power to contract for an examination and adjustment of the accounts of the county treasurer, and an action may be maintained against the county on such contract.

From the Lawrence Circuit Court.

*G. W. Friedley, E. D. Pearson, J. W. Buskirk* and *H. C. Duncan,* for appellant.

*W. H. Martin,* for appellee.

FRANKLIN, C.—Appellant filed a claim against the county for services, under a contract with the board of commissioners, in examining and reporting the condition of the accounts of the late treasurer of said county, and for damages for a breach of the contract by the board of commissioners.

On motion of appellee's counsel the claim was dismissed by the board of commissioners. Appellant appealed to the circuit court, where, upon the renewal of the same motion, the claim was dismissed in the circuit court, and the claimant

has appealed to this court. The error assigned is the sustaining of the motion to dismiss the action.

The reasons stated in the motion to dismiss are that there is no sufficient claim or cause of action on file, and that the plaintiff has not filed a succinct statement or account of his claim against the defendant.

The claim sets forth the written contract executed by the parties, the order of the board of commissioners declaring that there was an indispensable public necessity for an examination and adjustment of the accounts of said treasurer, and appointing appellant to make such examination and report the result thereof to the board of commissioners, all of which are made parts of the claim by exhibit. It then alleges the commencement of the work, the violation of the terms of the contract by the board of commissioners, and states the report to the board of commissioners of the progress of the work, and the rescission of the contract and order approving it by the board of commissioners, which report and order of rescission are made parts thereof by exhibit. It then claims pay for the services rendered, and damages for the breach of the contract, all of which was verified.

We think this claim contains the substance of a good complaint in the circuit court, and while it might be subject to a demurrer, it certainly would not justify the dismissal of the cause.

Pleadings before the county board of commissioners do not require that technical strictness · and fulness as is required in the circuit court. A statement of the claim sufficient to inform the board of what is demanded, and that will bar another claim for the same thing, without averring all the facts necessary to be proved in order to establish the claim, is sufficient. See the following authorities: *Board, etc.,* v. *Wood,* 35 Ind. 70; *Board, etc.,* v. *Shrader,* 36 Ind. 87; *Board, etc.,* v. *Loeb,* 68 Ind. 29; *Board, etc.,* v. *Adams,* 76 Ind. 504; *Board, etc.,* v. *Ritter,* 90 Ind. 362; *Board, etc.,* v. *Armstrong,* 91 Ind. 528; *Board, etc.,* v. *Gillum,* 92 Ind. 511; *Board, etc.,*

v. *Dombke,* 94 Ind. 72; *Board, etc.,* v. *Emmerson,* 95 Ind. 579.

It is further insisted that the board of commissioners had no power to make such contract, that its action therein was *ultra vires,* and that there was no error in dismissing the case.

The constitution provides that county commissioners may be invested with local administrative powers, and the statute invests them with authority over the business affairs and property of the county. R. S. 1881, sections 160 and 5745.

The third clause of the second named section expressly gives said board the power " To audit the accounts of all officers having the care, management, collection, or disbursement of any moneys belonging to the county or appropriated for its benefit."

The board of commissioners have very full powers in reference to the management of the affairs of their respective counties. It is, for all financial purposes, the county, and its contract in relation to the adjustment of the finances of the county is the contract of the county, and valid as such. See the cases of *Hoffman* v. *Board, etc.,* 96 Ind. 84, and *Moon* v. *Board, etc.,* 97 Ind. 176. Also *Nixon* v. *State, ex rel.,* 96 Ind. 111.

The complaint herein shows that appellant commenced the work under the contract, and worked thereunder two days; that by the terms of the contract he was to receive $5 per day; that the board then failed and neglected, as stipulated by the contract, to furnish him with the necessary books and papers to be examined; that the treasurer locked them up in his safe and refused to allow them to be examined; that it would have taken seven months to have completed the work as contracted for, and that any other work that he could have obtained during said time would not have yielded more than $1 per day; that he was at all times ready and willing to do the work in accordance with the terms of the contract; and that without his consent the board rescinded the contract, and

refused to let any further work be done under it; that he was damaged by the said breach of the contract.

If the complaint could be held subject to a demurrer or a motion to make it more specific, that would not be a sufficient reason for dismissing the case. The complaint stated a sufficient cause of action for some amount, and how much was to be determined by the evidence at the trial. He was entitled to a hearing on his complaint, and the court erred in dismissing the case.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to reinstate the case, and for further proceedings.

Filed April 23, 1885.