## THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. THE BOARD OF COMMISSIONERS OF MARION COUNTY.

[No. 2,187.   Filed January 12, 1898.]

TAXATION.—*Railroads.*—*Recovery of Taxes Wrongfully Assessed.*— Where the personal property of a railroad company has been assessed by the township assessor the board of equalization has no power to increase the assessment so made, and an action may be maintained to recover taxes paid under such wrongful assessment. *p. 66.*

SAME.—*Railroads.*—*Recovery of Taxes Wrongfully Assessed.*—Taxes which have been distributed to the township and city cannot be be recovered from the county in an action to recover taxes wrongfully assessed, where such distribution had been made before the claim for the recovery of such taxes had been filed with the board of commissioners.   *p. 67.*

From the Marion Circuit Court.   *Reversed.*

*Byron K. Elliott* and *William F. Elliott,* for appellant.

*William A. Ketcham,* Attorney-General, and *Alfred R. Hovey,* for appellee. ·

ROBINSON, C. J.—Appellant filed with the board of commissioners of Marion county a claim to recover taxes in a named sum alleged to have been wrongfully assessed and collected.   There was a special finding of the facts, from which it appears that appellant is a corporation formed by the consolidation of the Cleveland, Columbus, Cincinnati & Indianapolis Railway Company, the Indianapolis & St. Louis Railway Company, and the Cincinnati, Indianapolis, St. Louis & Chicago Railway Company; that the articles of consolidation provide, among other things, that all the rights, franchises, privileges, property, and appurtenances of every description, choses in action, debts, dues, and demands of each of the several companies,

shall vest in the consolidated company; that on the 18th day of May, 1887, the Indianapolis & St. Louis Railway Company filed a return or schedule of property for taxation in the office of the auditor of Marion county, Indiana, and in such schedule returned for taxation personal property stated therein to be of the value of thirty dollars; that afterwards, on the first day of July, 1887, the board of equalization of said county, being then in session, increased the assessment of the said personal property to the sum of $17,500.00; that the rate for taxation for state and county purposes in Marion county, Indiana, was for the year 1887, fixed at a total of sixty-eight cents on each $100.00 and the total rate for taxation for county, state, township, and municipal taxes was $1.81 on the $100.00; that the tax on said increased assessment of $17,470.00 for county and state purposes amounted to the sum of $120.54, and for county, state, township, and municipal purposes amounted in the aggregate to $316.20; that the tax on said personal property, so increased as to assessment, was paid in full to the treasurer of Marion county, Indiana, on and prior to the 5th day of November, 1888, by the railway company last aforesaid, without protest, and with full knowledge that the board of equalization of Marion county had increased the assessments of said personal property as aforesaid; that on the 18th day of May, 1887, the Cleveland, Columbus, Cincinnati & Indianapolis Railway Company filed in the office of the auditor of Marion county, Indiana, a return or schedule of property for taxation therein stated, to be of the value of $19,351.00; that afterwards, on the 1st day of July, 1887, the board of equalization of said county increased the assessment of said personal property to the sum of $100,000.00, being an increase in assessment over the stated value of the said prop-

erty as made by said company of $80,649.00; that the tax on said assessment so made amounted to the sum of $556.48 for state and county purposes, over the amount of taxes which would have been collected on the said valuation of the property by said company, as stated in its return; and that the tax on said personal property as assessed, inclusive of the tax for township purposes, amounted to the sum of $696.51, and was paid in full to the treasurer of Marion county, Indiana, by said company, on and prior to the 5th day of November, 1888, without protest, and with full knowledge of the increased valuation placed upon said personal property by said board of equalization; that on the 18th day of May, 1887, the Cincinnati, Indianapolis, St. Louis & Chicago Railway Company filed in the office of the auditor of Marion county, Indiana, a return or schedule of property for taxation, and returned for taxation therein personal property stated in said return to be of the value of $1,395.00; that afterwards, to wit, on the 1st day of July, 1887, the board of equalization of said county of Marion assessed said personal property for taxation at the sum of $50,000.00, that being an increase over the valuation as placed thereon by said company in its return, of $48,605.00; that the tax on the increase in the amount of said assessment for all purposes, inclusive of taxes for municipal and township purposes, was $335.38, and the tax on the increase in the amount of said assessment for all purposes, exclusive of taxes for municipal and township purposes, amounted to $879.75, and the total tax assessment for all purposes on the total assessment of $50,000.00 was $905.00, which sum last aforesaid was paid by the railroad company last aforesaid on and prior to the 5th day of November, 1888, to the treasurer of Marion county, Indiana, without protest or objection, and

with full knowledge of the aforesaid increase of assessment made by the county board of equalization on the said personal property; that, after the increase in the assessment of said personal property of said several railroad companies, the same was placed upon the tax duplicates of said county of Marion, which duplicates were in the hands of the treasurer when said taxes were paid as aforesaid, and that the several payments hereinbefore mentioned were marked and noted on the said tax duplicate; that the personal property referred to in the foregoing finding, the assessment of which was made as hereinbefore stated, was not rolling stock of said company, or any part thereof, but was personal property returnable under the provisions of the statutes of Indiana in force during the years 1887 and 1888 and prior thereto, as personal property other than rolling stock; that no one of the aforesaid railroad companies appeared before the said board of equalization of Marion county at any time during any of the sessions for the year 1887, nor did they in any manner object to said assessment by said board; that the total rate of taxation for the year 1887 for county and state purposes in said county was sixty-nine cents on each $100.00 and the total rate of taxation for the said year for state, county, township, municipal, and all other purposes within the city of Indianapolis was $1.81 on each $100.00, of which ninety cents on each $100.00 was the rate for the city of Indianapolis; that the personal property aforesaid of the Indianapolis & St. Louis Railway Company was at the time of making the said schedule aforesaid, and at the time of the increase in assessment made as aforesaid by the board of equalization, situated in the said city of Indianapolis; that at the time the schedule aforesaid was returned by the Cincinnati, Indianapolis, St. Louis & Chicago Railway

Company, and at the time of the increase of assess-
ment of its personal property by said board of equali-
zation, its aforesaid personal property was situate in
said city of Indianapolis; that on the 8th day of July,
1891, appellant filed with appellee a claim for said
sums, which claim was disallowed.   On the foregoing
facts the court stated in its conclusion that the law is
with the appellee and rendered judgment against ap-
pellant for costs.   The question presented is the cor-
rectness of the conclusion of law on the special find-
ing of facts.

It is argued by counsel for appellee that the claim
filed by appellant was insufficient in that it contains
no averment that any amount of taxes had been paid
by appellant, and no fact is stated showing any right
in appellant to recover any taxes paid by the com-
panies named; and that there is no charge that the
taxes were wrongfully assessed, in the sense that the
taxes were not justly due upon the property; and that
the findings which are outside of the claim filed can
avail the appellant nothing.   It has frequently been
held that the consolidated corporation succeeds to the
rights of its constituent corporations, and that it be-
comes liable for the debts and obligations of the orig-
inal companies.   *Cleveland, etc., R. W. Co.* v. *Prewitt,*
134 Ind. 557, and cases there cited.   And by the
express provisions of the articles of consolidation in
the case at bar the right to recover the taxes alleged
to have been wrongfully assessed is in the appellant,
if the right to recover such taxes was in the constitu-
ent companies before the consolidation.

We deem it unnecessary to set out the claim in full.
The doctrine frequently declared by the Supreme and
this court is that very liberal rules of pleading pre-
vail in the commissioners' court, and that when there
is enough alleged to inform the board of the nature

of the claim urged by the claimant, and it is sufficient to bar another claim for the same thing, although it does not aver all the facts necessary to be proved in order to establish the claim, it will be held sufficient. *Duncan* v. *Board, etc.,* 101 Ind. 403; *Newsom* v. *Board, etc.,* 92 Ind. 229; *Board, etc.,* v. *Ritter,* 90 Ind. 362; *Board, etc.,* v. *Dombke,* 94 Ind. 72; *Board, etc.,* v. *Brod,* 3 Ind. App. 585; *Board, etc.,* v. *Armstrong,* 91 Ind. 528. When tested by these rules we think the claim filed by appellant is not open to the objection urged against it.

At the time the assessment complained of was made the statutory provisions respecting the listing and assessing the personal property of railroad companies were different from the provisions respecting other corporations. See section 6357-6372, R. S. 1881. Under the statutes in force at the time the assessment complained of was made it was the duty of a railroad corporation, between the first day of April and the first day of June, each year, to return to the county auditor a verified list or schedule of the personal property of such company; that the list should "contain a full and correct inventory of all the other personal property of such railroad company, including the tools and materials for the repairs, the machinery, fixtures, and stationary engines," and also "an inventory of all the real estate (other than that denominated 'railroad track') owned by the said railroad company," and that such property should be "treated in all respects, in regard to assessment and equalization, the same as other similar property belonging to individuals, except that it shall be treated as property belonging to railroads, under the terms 'lands,' 'lots,' and 'personal property.'" It is made the duty of the county auditor as soon as he receives such list to return to the proper assessor a copy of so much of the list as contains this

personal property, and that such property shall be listed and assessed by such assessor.    Sections 6365-6368, R. S. 1881.

Section 5813, R. S. 1881, provides that where any person or corporation should make it appear, by proper proof, to the board of commissioners, that such person or corporation has paid any amount of taxes which were wrongfully assessed against such person or corporation in such county, it should be the duty of the board to order such taxes to be refunded to said payor from the county treasury so far as the same were assessed and paid for county taxes.    Section 5814, R. S. 1881, made provision for refunding such portion of such amount so wrongfully assessed and paid as was for state purposes and had been paid into the state treasury.    It is argued by counsel for appellee that the finding fails to show that these taxes were wrongfully assessed, and that it is only for the refunding of such taxes that the statutes provide a remedy.

But if the board of equalization had no authority to increase the valuation of the property as it appeared in the schedules after they had passed from the hands of the assessor, and if, without such authority, the board did increase the assessment as lawfully made, such unauthorized interference is unlawful, and was wrongful, within the meaning of the statute, and the party aggrieved would be entitled to have the taxes upon such increased valuation refunded as the statute provides.    *Newsom* v. *Board, etc.*, 92 Ind. 229; *Board, etc.*, v. *Senn*, 117 Ind. 410; *Hennel* v. *Board, etc.*, 132 Ind. 32; *Board, etc.*, v. *Armstrong*, 91 Ind. 528; *Du-Bois* v. *Board, etc.*, 10 Ind. App. 347.    See *Durham* v. *Board, etc.*, 95 Ind. 182; *Board, etc.*, v. *Murphy*, 100 Ind. 570.

It is contended by appellee's learned counsel that

The Cleveland, etc., R. W. Co. *v.* The Board, etc., Marion County.

the case at bar is to be distinguished from the cases of *Newsom* v. *Board, etc., supra; Board, etc.,* v. *Senn, supra; Hennel* v. *Board, etc., supra,* and other cases holding that property is wrongfully assessed when it has been irregularly assessed by unauthorized officers, for the reason that in the case at bar the alleged irregular assessment was an original assessment, and that in the above cases it is not held that taxes paid on an irregular original assessment shall be refunded.

It is evident that, under the section of the statute above referred to, it was the intention of the legislature that the personal property of railroads of the character designated in those sections should be treated as the personal property of individuals in so far as the assessment and equalization are concerned. If, during the year in which these assessments were made, there was in force a statute requiring that the assessment of personal property of individuals should be submitted to a board of equalization, then the personal property mentioned in this case was subject to the same law for the same purposes. It is made the duty of the township assessor, when the county auditor has returned the company's schedule of such property to him, to list and assess such property. It does not appear that the assessor changed the schedule as returned by the companies. But, in the absence of any showing to the contrary it will be presumed that he did his duty, and that he did assess the property, and that he placed upon it the valuation made by the companies. So that, when the property was before the board of equalization, it was there upon the assessment made by the township assessor.

In the case of individual property, the schedule was to be returned direct to the assessor, who could adopt, increase, or diminish the value of the individual's

personal property as fixed by him in the schedule; but, whether the value as fixed by the individual was changed or was adopted by the assessor, it became the assessment as made by the assessor. The assessment of such property was made by the assessor, and when the schedule of the individual came before the board of equalization, although the valuations fixed by the individual had not been changed, it contained then the assessment as made by the assessor. See *Donch* v. *Board, etc.*, 4 Ind. App. 374.

So that, when the board of equalization assumed to act upon the property in question, it did not attempt to make an original assessment of the property, but attempted to change the assessment as made by the township assessor. Such board had no power to make an original assessment, and the question to be determined is whether it had the power to increase the assessment as it had already been made by the assessor. If the board of equalization had any jurisdiction of the assessments in question it was by virtue of section 6397, R. S. 1881. That section gave the board no authority to make an original assessment, and the special finding shows that it increased the valuation of property which had already been assessed. The question is, had the board of equalization that power? Section 6397, *supra,* was construed by the Supreme Court in the case of *Kuntz* v. *Sumption,* 117 Ind. 1. In that case it was held that this section in so far as it undertakes to confer upon the board of equalization powers to increase the valuation of the personal property of an individual, is void, for the reason that no provision is made for giving notice to the taxpayer, the valuation of whose property is to be increased. We do not think it necessary to extend this opinion with a discussion of other questions raised. This court is concluded by the decision of the

Supreme Court and upon the authority of *Kuntz* v. *Sumption, supra*, the judgment of the lower court must be reversed.

The only remaining question necessary to be considered is as to the amount appellant is entitled to receive. It does not appear that, at the time this claim was filed, that the portion of the taxes collected by the county for municipal and township purposes was still in the county treasury; nor that, while such taxes were still in the county treasury, the appellee had any notice of appellant's claim. In the absence of such a finding there can be no recovery in this action for that portion paid as municipal and township taxes. The finding shows that these taxes were paid on and prior to the fifth day of November, 1888, and it appears that the claim was not filed before the board until the 8th day of July, 1891. The municipal and township taxes were paid into the county treasury for the municipalities and townships, and were by the county held in trust for them until distributed as the law directs. In the absence of a showing to the contrary, the presumption is that the county officers performed their duty and distributed these taxes to the proper municipalities and townships, and that, when this claim was filed, they were not in the county treasury. See *Newsom* v. *Board, etc., supra; Mills* v. *Board, etc.*, 50 Ind. 436. See, also, *Board, etc.*, v. *Tichenor*, 129 Ind. 562.

The statute provides for the refunding of taxes from the county treasury so far as the same were wrongfully assessed and paid for county taxes, and provision is also made for recovering the portion that has been paid into the state treasury. Sections 5813, 5814, R. S. 1881. And, where municipal and township taxes are still in the county treasury at the time of filing a claim for a refunding of such taxes, the county becomes a trustee for the claimant, and must

refund to him as long as the funds are in the treasury. *DuBois* v. *Board, etc.*, 10 Ind. App. 347. And the fact that the taxes were voluntarily paid constitutes no defense under the above section, 5813, *supra*. *DuBois* v. *Board, etc., supra; Donch* v. *Board, etc.*, 4 Ind. App. 374. As the county receives no benefit from municipal and township taxes paid into its treasury, and as it holds these funds in the nature of a trustee until distributed as directed by law, the county should not be held liable for such funds unless it is made to appear that while these funds were still in the county treasury, the county had notice of some kind of appellant's claim. Upon the finding appellant is entitled to recover the amounts wrongfully assessed and paid into the county treasury for state and county purposes; and, upon that portion paid into the county treasury for county purposes, appellant is entitled to six per cent. interest from the 8th day of July, 1891. *DuBois* v. *Board, etc.*, 10 Ind. App. 352. Judgment reversed, with instructions to state a conclusion of law in favor of appellant, and to render judgment accordingly, and to remand the cause to the board of commissioners of the county of Marion, with instructions to take the necessary steps for refunding to appellant the amount of taxes wrongfully assessed and paid into said treasury for county and state purposes.