Filed April 13, 1892.

————————◆————————

No. 547.

DONCH v. THE BOARD OF COMMISSIONERS OF LAKE COUNTY.

TAXES.—*Re-assessment of Property by Auditor.*—*Omitted Property.*—*Additional Taxes Paid.*—*Right to Recover.*—*Section 6416, R. S. 1881, as Amended in 1889, Construed.*—Where a county auditor, assuming to act under section 6416, R. S. 1881, as amended in 1889, which authorized him to assess property which had been "omitted, in whole or in part, in the assessment of any year, or number of years, from the tax duplicate," assessed taxes on the amounts of difference between the amounts of money loaned out on mortgage by the plaintiff for several years, as reported by him to the assessor and adopted by that officer, and the actual amounts so loaned out by the plaintiff during said years, and the plaintiff paid the taxes on said additional assessments, he may recover the amount so paid, under sections 5813, 5814, R. S. 1881. Such assessments made by the auditor were simply increases in the valuation of property listed by the owner for taxation over the valuation made by the assessor, and were not assessments of omitted property under the statute, and were, therefore, wrongful and without authority.

From the Porter Circuit Court.

*J. Kopelke* and *H. A. Gillett*, for appellant.

*J. W. Youche*, for appellee.

BLACK, J.—The appellant presented to the appellee a claim for the refunding of taxes. The claim was filed in the office of the county auditor December 2d, 1890. It was disallowed, and the claimant appealed to the Lake Circuit Court. The venue was changed to the court below. A special finding was rendered, and we are required to determine whether or not the court below erred in the conclusion of law stated. The court stated the facts as follows:

" The plaintiff, John Donch, was, during all the years 1882 to 1890, both inclusive, a resident citizen of the town of Crown Point, in Center township, Lake county, Indiana. During all of said years he was the owner of money which he had loaned out to various parties and for which he held mortgages. During the said years he made returns of his property as hereinafter set forth to the assessor of said town and township at the times required by law. On each of said several years, at the time of making such returns, the assessor asked said Donch how much money he had loaned out, and in that connection read over to him the second item in the assessment schedule, to wit: 'All moneys loaned by me, either on time or on call,' and was answered by said Donch, on said several occasions, as follows:

" In the year 1882, $2,000.

" In the year 1883, $2,000.

" In the year 1884, $2,000.

" In the year 1885, $3,000.

" In the year 1886, $3,000.

" In the year 1887, $3,000.

" In the year 1888, $3,000.

" In the year 1889, $6,000.

"And thereupon, without asking for the items or inspection thereof, on said several occasions, the assessor set down in

the appropriate column opposite said item 2, and adopted said amounts so reported, as the valuation of said property for said several years; and the said amounts so reported were placed upon the tax duplicate of said Lake county for the town of Crown Point for said several years and taxes computed thereon, and the same were regularly paid by said John Donch, from year to year, to the treasurer of said Lake county, as they became due. In fact, said Donch had, at said times, on the 1st day of April of said several years, mortgages representing moneys loaned by him of the face value as follows: 1882, $5,595; 1883, $8,695; 1884, $7,-560; 1885, $7,860; 1886, $9,050; 1887, $9,960; 1888, $12,810; 1889, $14,260. On the 8th of May, 1890, the auditor of said Lake county, having been informed that said John Donch had, during said several years, held and owned the said moneys loaned, after giving said Donch proper notice to appear at his office and show cause why he should not be assessed with additional taxes upon the same, as upon omitted property, and after said Donch had appeared to said notice, and the said matter had been heard by such auditor, placed valuations upon the said property of said John Donch, to wit, upon the amounts of difference between the amounts returned by said Donch to the assessor, as aforesaid, and the amounts shown to have been held by him as aforesaid, the auditor claiming that the assessments so made were as upon omitted property. Said auditor then placed said valuations upon the tax duplicate of said Lake county for the town of Crown Point for the year 1889, against said John Donch, and levied and charged him with taxes thereon as follows: For 1882, $25.42; 1883, $99.14; 1884, $75.64; 1885, $69.-72; 1886, $87.39; 1887, $101.57; 1888, 145.37; 1889, $113.42; which assessments so charged and levied were the taxes for said several years, according to the rates levied upon property in said town of Crown Point, for State, county, town and township purposes. Said auditor delivered such duplicate to the treasurer of said county to collect the said

sums charged thereon; and said John Donch did, thereupon, on the 21st day of May, 1890, pay to said treasurer the sum of $717.67, on account and in satifaction of said taxes so charged and levied against him by said auditor, as aforesaid. And the court further finds that, on the 1st day of December, 1890, all of said sum of money so paid by said John Donch to the treasurer of Lake county, as aforesaid, was yet in the treasury of said county, and no part had been paid to the State or any town or township in said county."

Upon the facts so found the court stated as a conclusion of law, " That the plaintiff is not entitled to recover the said sum of $717.67, or any part thereof, paid by him as aforesaid."

The county auditor, in making the addition to the appellant's taxes, as stated in the finding, was assuming to proceed under and pursuant to the statute, section 6416, R. S. 1881, as amended by the act of March 9th, 1889, Elliott's Supp., section 2129 (Acts of 1889, p. 341), providing that " Whenever any county auditor shall discover or receive credible information, or if he shall have reason to believe that any real or personal property has, from any cause, been omitted, in whole or in part, in the assessment of any year or number of years, from the assessment book or from the tax duplicate, he shall proceed to correct the tax duplicate, and add such property thereto, with the proper valuation, and charge such property and the owner thereof with the proper amount of taxes thereon, to enable him to do which he is invested with all the powers of assessors under this act," etc.

This section, as amended in 1889 is, in substance and effect, re-enacted as section 142 of the tax law of 1891. Acts of 1891, p. 257.

The county auditor's power under this statute to assess property is limited to specific property, susceptible of identification, which has been omitted in the assessment of any year or years from the assessment book or tax duplicate. When the addition here in question was made, the auditor

had no authority to increase the valuation of property listed by the owner for taxation over the valuation made by the assessor. *Williams* v. *Segur*, 106 Ind. 368; *Board, etc.,* v. *Senn,* 117 Ind. 410; *Florer* v. *Sherwood,* 128 Ind. 495; *Woll* v. *Thomas,* 1 Ind. App. 232.

That the action of the auditor in the case before us was not authorized by this statute, but involved a re-valuation by him of property which in the former years mentioned had been assessed by the assessor, is indicated in the finding with sufficient certainty and clearness. Upon this proposition there does not seem to be need of argument. The valuations placed upon the property by the auditor, and entered by him upon the duplicate, consisted of differences between the face values and the assessor's valuations of mortgages held by the appellant for moneys loaned by him. "All moneys loaned" must consist of a chose or choses in action. A single chose in action, in favor of a single person, can not be regarded as being more than one article of property, though it consist of a right to recover a number of units of the standard of value loaned by such person. If it be a note or a mortgage for a certain number of dollars, it has a value as a chose in action which may, or may not, be its par value, whether it be for money loaned or for some other consideration.

In *Florer* v. *Sherwood, supra,* it was said that "Money loaned, and credits due, may or may not be of their face value, depending upon many contingencies, and to justify an assessment by the auditor upon property of that character he must know of specific loans and of specific credits which have been omitted, and upon which valuations may be placed."

The appellant's payment of the taxes added by the county auditor was a voluntary payment. This is not disputed. It is well settled that there can not be a recovery of illegal taxes voluntarily paid, unless a refunding thereof is provided for by statute. *Board, etc.,* v. *Armstrong,* 91 Ind.

Donch v. The Board of Commissioners of Lake County.

528; *Durham* v. *Board, etc.*, 95 Ind. 182; *City of Indianapolis* v. *Vajen*, 111 Ind. 240.

The appellant based his claim upon the statute (sections 5813, 5814, R. S. 1881), providing that in all cases where any person shall appear before the board of commissioners of a county and establish, by proper proof, that he has paid any amount of taxes which were wrongfully assessed against him in such county, it shall be the duty of said board to order the amount so proved to have been paid to be refunded to said payer from the county treasury, so far as the same was assessed and paid for county taxes, and in all cases where a portion of the amount so wrongfully assessed and paid shall have been for State purposes, and shall have been paid into the State treasury, it shall be the duty of said board to certify to the auditor of State the amount so proved to have been wrongfully paid, under the seal of said board, and the auditor of State shall thereupon audit the same as a claim against the treasury, and the treasurer of State shall pay the same out of any moneys not otherwise appropriated.

In *Board, etc.*, v. *Armstrong, supra*, the county treasurer, having no authority under the statute in force to assess taxes or property omitted from assessment, except for the current year, made assessments against the plaintiff as guardian for property held by him as such in prior years, and charged the taxes so assessed upon the duplicate for the current year. In each of said prior years the plaintiff had been duly and legally called upon by the assessor, but had not given in such property, or any part of it, to be listed for taxation, and he had fraudulently concealed it from the assessor. He voluntarily paid the taxes so illegally assessed. It was held that they were not wrongfully assessed within the meaning of the statute, but they were justly and equitably due, and that the plaintiff could not recover the amount so paid.

The decision in this case was followed in *Durham* v. *Board, etc., supra; Board, etc.*, v. *Graham*, 98 Ind. 279; *Board, etc.*, v. *Murphy*, 100 Ind. 570.

In *Newsom* v. *Board, etc.,* 92 Ind. 229, the plaintiff's land having been appraised for taxation by the real estate appraiser at a certain sum, an addition to such valuation was made by order of an illegally constituted State Board of Equalization, and the plaintiff paid a certain amount of taxes on account of such addition. He presented a claim for the refunding of such amount. There was a statute of 1873 which expressly recognized the invalidity of the proceedings of said board of equalization and characterized the addition of taxes as illegal and wrongful, and provided for the refunding of the illegal taxes so paid. Also, the court held that the additional taxes were wrongfully assessed within the meaning of said section 5813, R. S. 1881.

*Board, etc.,* v. *Senn, supra,* was a proceeding for a refunding of taxes under said section 5813. The plaintiff's land had been appraised and returned by the township assessor. The county board of equalization had made an addition to the valuation. Afterward, the county auditor, without authority, increased the valuation put upon the land by the assessor and the board of equalization, and the plaintiff paid an increased amount of taxes on account of the unlawful assessment so made by the auditor. It was held that when the officers upon whom the statute devolved the duty had fixed the valuation, the judgment so arrived at was conclusive upon the auditor and all others until changed by a method prescribed by law; and that the auditor's unauthorized interference with the assessment as lawfully made was wrongful, within the meaning of said section 5813.

The duty of assessors calls into action the judicial function. Cooley Taxation, 788.

When the assessment has passed from the assessor's hands, taxing officers, in the absence of special statutory authority, are to accept the assessment as legal and just, and to levy and collect the taxes accordingly. Cooley Taxation, 747.

The act of estimating and determining the value of property by an assessor is the deciding of a matter which is com-

mitted by law to his sound discretion and deliberate judgment. When the county auditor assumes to re-value the property the subject-matter is not legally before him for decision. When he places on the duplicate property which has not been assessed, if his act be unauthorized, it is not in contravention of a lawfully authorized decision as to its value already made, as it is where he re-values property which has been duly assessed by the assessor.

The value of property for taxation ceases to be a matter of opinion, and becomes definite and fixed when it has been assessed according to law and the assessment has passed out of the hands of the assessor, and the valuation put upon the property by the assessor, whether it be its actual cash value or not, is its actual value for the purpose of taxation until the decision of the assessor is overturned in some manner prescribed by statute.

When the amount which shall be paid for the support of government because of the ownership of particular property has been fixed by a method prescribed by law, that must be regarded as the amount demanded by the law, and it can not be considered as otherwise than unjust and wrongful for an officer without authority in the premises to assume to change the requirement of the law and thereupon to collect a larger amount. The excess so exacted is property taken to which the government never was entitled in contemplation of law.

It has been suggested in argument that perhaps a distinction should be made between the case at bar and one involving an unlawful increase of the appraisement of real estate for taxation. It may be more difficult to prove whether there has been an addition of omitted property or an increase of the assessor's valuation, where the increase of taxes has been made on account of personal property, especially where it has been made on account of choses in action, than where it has been made on account of real estate ; but if the addition be occasioned by an illegal increase of a lawfully fixed valuation, it can not make any difference, as to the right to a refunding,

whether the increase has relation to real estate or to personal property. The refunding is to be had upon proper proof that the claimant " has paid any amount of taxes which were wrongfully assessed against " him.

Under the facts stated in the finding the appellant was entitled to a refunding. Therefore, the court erred in the conclusion of law stated.

The judgment is reversed, and the cause is remanded, with instructions to state a conclusion of law in favor of the appellant, and to render judgment accordingly, and to send the cause down to the board of commissioners of Lake county, with an order to said board directing it to take the necessary proceedings for the refunding to the appellant of the taxes so wrongfully assessed and paid.

Filed Feb. 16, 1892; petition for a rehearing overruled May 14, 1892.