Hennel, Guardian, *v.* The Board of Commissioners of Vanderburgh Co.

Filed May 24, 1892.

———————◆———————

No. 15,782.

HENNEL, GUARDIAN, *v.* THE BOARD OF COMMISSIONERS OF VANDERBURGH COUNTY.

PLEADING.—*Insane Person.—Action by Guardian of.—Complaint.—Conversion of Money.—Money Had and Received.*—In an action by the guardian of an insane person against the board of commissioners of a county, a paragraph of complaint is sufficient to withstand a demurrer which shows a wrongful taking by a person who was at the time treasurer of the county, of a large sum of money belonging to the plaintiff's ward, the placing of the same in the county treasury, and a retention and conversion of the money by the board of commissioners. A paragraph for money had and received is likewise good which alleges that the board of commissioners took, received and placed in the county treasury money of the plaintiff's ward (the insanity of the ward and the appointment of the plaintiff as guardian being alleged); that it has kept, and still keeps and retains said money, etc., and that the board of commissioners is indebted to the appellant in the sum so taken, with interest.

TAXATION.—*Property of Person not Adjudged Insane.—Notice.—Validity of Assessment.*—If a person who has not been adjudged insane owns property subject to taxation, and notice is given him, and the property is assessed by a proper officer, the assessment will at least be *prima facie* valid.

SAME.—*Omitted Property.—Invalid Assessment.—Recovery of Taxes Collected.*—Under the tax law of 1881 the auditor of a county was not authorized to make assessments of omitted property for any year or years prior to its passage or taking effect. Such a pretended assessment would be void, and the amount of taxes collected under it by levy and sale could be recovered back.

From the Vanderburgh Circuit Court.

*J. Brownlee* and *W. H. Gudgel,* for appellant.

*C. H. Butterfield,* for appellee.

OLDS, J.—This is an action brought by the appellant, Joseph Hennel, guardian of Joseph Froman, an insane person, against the appellee, the board of commissioners of Vanderburgh county. The complaint is in three paragraphs. The action was commenced before the board of commissioners and an appeal taken to the circuit court, where a demurrer was sustained to each paragraph of the complaint and judgment upon demurrer in favor of the appellee, and this appeal is prosecuted and the ruling of the court in sustaining the demurrer to each paragraph of complaint is assigned as error.

Joseph Froman was adjudged insane in 1884, and Joseph Hennel was appointed his guardian in November, 1887.

The first paragraph charges that on the 19th day of November, 1883, while said Froman was insane, and incapable of managing his estate, John J. Hays, who was then and there county treasurer of said Vanderburgh county, wrongfully took possession of $1,650 of the money of the said Froman and placed the same in the county treasury of said county ; that appellee wrongfully accepted and received said money and converted the same to its own use, and still retains and keeps the said money. There are some other allegations as to interest, and as to Froman's continued insanity.

The second paragraph is for money had and received, alleging that the appellee took, received and placed in the county treasury $1,650 of the money of said Froman, and has kept and still keeps and retains said money so taken from said Froman, and that appellee is indebted to the appellant in the sum so taken, with interest, $2,150, for money had and received as aforesaid. The paragraph also contains averments as to Froman's insanity, and the appointment of the appellant as his guardian.

We are not favored with any discussion as to the sufficiency or insufficiency of these paragraphs, except on the

part of counsel for appellant, who assert that the ruling of the court in sustaining a demurrer to them is so clearly erroneous that he will not discuss the sufficiency of them, except to refer to one authority, which he cites, and which has but slight relevancy to the question.

We are not informed on what theory a demurrer was sustained to either of these paragraphs. It does not appear that the money was taken in payment for any taxes, or that the appellant's ward had any property whatever subject to taxation. The first shows a wrongful taking by a person who was at the time treasurer of the county, of $1,650, and placing the amount in the county treasury, and a retention and conversion of the money by the appellee, the board of commissioners. The second is a count for money had and received. These paragraphs, on their face, are sufficient to withstand a demurrer, and it was error to sustain a demurrer to either of them.

The third paragraph seeks to recover money received by appellee and applied in payment of taxes alleged to have been illegally assessed against the appellant's ward and collected by distress and sale. It is alleged that by proper proceedings in the Vanderburgh Circuit Court, in 1884, Froman was found to be a person of unsound mind, and incapable of managing his own estate, and in 1887 the appellant was appointed his guardian, and is the only legal guardian ever appointed for Froman, and the only person ever having authority to transact his business; that from and prior to 1883, and ever since, said Froman has been of unsound mind; that on the 10th day of November, 1883, the auditor of said county made an unlawful, illegal and wrongful assessment of taxes against the said Froman, setting out a list and statement of the assessment and tax as it appeared upon the tax duplicate, being for each of the years from 1867 to 1882 inclusive, commencing the assessment by assessing $3,500 worth of property and increasing the value during the years, closing with an assessment for the last year, 1882,.

of $6,500 of property, assessing in all, for poll and other tax, $997.10, and adding interest to the amount of $469.94, making a total of $1,467.04.

It is alleged that the duplicate was placed in the hands of the county treasurer, who levied upon money to the amount of $100 in gold and notes due Froman to the amount of $1,500, and some interest, and that the treasurer sold and converted the notes into cash amounting to $1,550, together with the $100 in gold, in all $1,650, which sum he turned into the county treasury.

It is alleged among other things that the county auditor had no authority or power to make assessment on property for any years prior to 1881. It is further alleged that Froman during all this time was insane, incapable of comprehending a notice or protecting his rights, or appearing before the auditor and showing cause why such assessment should not have been made. There is no averment showing that a notice was not in fact given by the auditor to Froman in relation to the making of the assessment, nor is there any averment that Froman did not in fact own the amount of property assessed for taxation, or that the same had been duly assessed and the taxes paid.

At the time of the assessment Froman had not been adjudged insane. The property of a person, though he be insane, is liable to taxation. If a person who has not been adjudged insane owns property subject to taxation, and due notice is given him, and the property is assessed by a proper officer, the assessment will at least be *prima facie* valid.

The assessment in this case was made by the auditor in 1883, under the tax law of 1881. In the case of *Lang v. Clapp*, 103 Ind. 17, the law of 1881 (section 6416, R. S. 1881) was held to be only prospective, and did not authorize the auditor to make assessments of omitted property for any year or years prior to its passage or taking effect. Under this construction of the statute it follows that the auditor had no authority to make the assessment on the property, which he did for the years

prior to 1881, and his pretended assessment, having been made without authority of law, was void and without any legal effect. It was held in the case of *Board, etc.,* v. *Armstrong,* 91 Ind. 528, that where a guardian had been duly called upon by the assessor but had not given in the property of his wards for taxation, but fraudulently kept the same from the assessor, and afterwards the property was placed upon the tax duplicate and assessed by the treasurer, the taxes were justly and equitably due, and the guardian having voluntarily paid the same, and afterwards brought suit to recover back the amount so paid, he was not entitled to recover the same. This doctrine has been followed in some subsequent cases.

In the case of *Board, etc.,* v. *Senn,* 117 Ind. 410, it was held that where the auditor increased the assessment on real estate, he had no such authority, and the property-owner had a right to have such illegal taxes refunded.

In the case of *Donch* v. *Board, etc.,* 4 Ind. App. 374, it was held that where the property-owner gave in to the assessor certain notes and mortgages held and owned by him, placing a total value on them, which the assessor adopted, and afterwards the auditor discovering that there appeared of record mortgages in favor of such person representing a larger sum, and he added to the property so assessed a sum equal to the difference between the mortgage indebtedness as it appeared of record and the valuation fixed by the assessor, and extended the taxes on said sum, which were paid by the property-owner, such assessment by the auditor was illegal, and the property-owner was entitled to recover back the amount of illegal tax so assessed and paid by him.

In this case the taxes for the years prior to 1881 were illegally assessed ; they were not voluntarily paid ; they were collected by levy and sale of promissory notes, as averred in the third paragraph of complaint. The third paragraph of complaint was at least good to recover back the amount ap-

plied as payment of the taxes assessed for the years prior to 1881, and it was error to sustain a demurrer to it.

Judgment reversed, with instructions to overrule the demurrer to each paragraph of the complaint.

Filed May 23, 1892.