**U.S. STEEL CORP. formerly U.S. Steel, LLC, Petitioner,**

v.

**The LAKE COUNTY PROPERTY TAX ASSESSMENT BOARD OF APPEALS, et al.,[1] Respondents.**

No. 49T10–0209–TA–106.

Tax Court of Indiana.

April 1, 2003.

1. The Respondents include the Lake County Property Tax Assessment Board of Appeals; Paul Karras, Lake County Assessor; Peter Benjamin, Lake County Auditor; Peggy Ho- linga Katona, Lake County Treasurer; and Booker Blumenberg, Calumet Township Assessor. The Court refers to them collectively as "the Respondents."

Ronald M. Soskin, Robert B. Clemens, David A. Suess, Bose McKinney & Evans LLP, Indianapolis, IN, Attorneys for Petitioner.

Larry J. Stroble, Barnes & Thornburg Indianapolis, IN, Attorney for Amici Curiae.

Charles C. Meeker, Parker Poe Adams & Bernstein, LLP, Raleigh, NC, Dock McDowell, Jr., The McDowell Law Firm, Brian Popp Laszlo & Popp, John Dull, Dull & Duggan, Merrillville, IN, Attorneys for Respondents.

## ORDER ON RESPONDENTS' MOTIONS FOR SUMMARY JUDGMENT

FISHER, J.

U.S. Steel Corp. (U.S. Steel) appeals the final determination of the Indiana Board of Tax Review (Indiana Board) dismissing its Petitions for Correction of Error (133 Petitions) for the 1994–1996 tax years (years at issue). The case is currently before the Court on the Respondents' Motions To Dismiss under Indiana Trial Rule 12(B)(6).

### ISSUES

I. Whether the Indiana Board erred when it dismissed U.S. Steel's 133

Petitions for lack of subject matter jurisdiction; and

II. Whether the Indiana Board erred when it found that U.S. Steel improperly brought its claim in a 133 Petition.

For the following reasons, the Court DENIES the Respondents' motions.

## FACTS AND PROCEDURAL HISTORY

U.S. Steel is a steel manufacturing plant in Lake County, Indiana, where it owns real and personal property. On May 5, 1998, U.S. Steel filed more than 100 Form 133 Petitions in which it claimed that the property taxes it paid for the years at issue were illegal as a matter of law because Lake County tax officials had improperly removed more than $210 million in assessed value from the County's tax rolls and, as a result, the County's tax rate was overstated, causing U.S. Steel to overpay its taxes.[2]

The Lake County Property Tax Assessment Board of Appeals (PTABOA) denied the petitions. U.S. Steel appealed the PTABOA's determination to the State Board of Tax Commissioners. On August 6, 2002, the Indiana Board of Tax Review (Indiana Board)[3] issued a final determination dismissing U.S. Steel's 133 Petitions

for lack of subject matter jurisdiction. In the alternative, the Indiana Board held that U.S. Steel should have first appealed its tax rate under Indiana Code Section 6–1.1–17 et seq., and that U.S. Steel's claim was improper for a 133 Petition because it implicated the subjective discretion of tax officials.

On September 5, 2002, U.S. Steel initiated an original tax appeal. The Respondents filed several motions to dismiss U.S. Steel's appeal, which, on October 30, 2002, the Court converted to motions for summary judgment.[4] The Court held a hearing on the Respondents' motions on February 7, 2003. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court gives great deference to final determinations of the Indiana Board when it acts within the scope of its authority. *Wittenberg Lutheran Vill. Endowment Corp. v. Lake County Prop. Tax Assessment Bd. of Appeals*, 782 N.E.2d 483, 486 (Ind. Tax Ct.2003). Consequently, the Court will reverse a final determination of the Indiana Board only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, pow-

---

2. In conjunction with filing its 133 Petitions, U.S. Steel also filed Claims for Refund (Forms 17T) under Indiana Code Section 6–1.1–26–1. U.S. Steel requested a refund of more than $20 million.

3. On December 31, 2001, the Legislature abolished the State Board. 2001 Ind. Acts 198 § 119(b)(2). Effective January 1, 2002, the Legislature created the Indiana Board of Tax Review (Indiana Board) as "successor" to the State Board. IND.CODE §§ 6–1.5–1–3; 6–1.5–4–1 (Supp.2001); 2001 Ind. Acts 198 § 95. Consequently, when a final determina-

tion was issued on U.S. Steel's 133 Petitions in August 2002, it was issued by the Indiana Board.

4. The Court determined that the motions went "to the basis of the Indiana Board of Tax Review's denial of the petition because it did not have jurisdiction." (Order of Oct. 30, 2002.) Additionally, the Respondents referred to matters outside the pleadings. *See* Ind. Trial Rule 12(B).

er, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations; without observance of procedure required by law; or unsupported by substantial or reliable evidence. *Id.* at 486–87 (citing IND.CODE § 33–3–5–14.8(e)(1)–(5) (Supp.2001) (quotation marks omitted)). Summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C).

## Discussion

### I. The Indiana Board's subject matter jurisdiction

■ The first issue is whether the Indiana Board erred when it dismissed U.S. Steel's claim for lack of subject matter jurisdiction.[5] Pursuant to Indiana Code Section 6–1.5–4–1, the Indiana Board has jurisdiction over all appeals concerning: "(1) the assessed valuation of tangible property; [ ](2) property tax deductions; [ ](3) property tax exemptions; [and] (4) property tax credits [ ] that are made from a determination by an assessing official or a county property tax assessment board of appeals to the Indiana [B]oard under any law." IND.CODE § 6–1.5–4–1(a) (Supp. 2002) (previously codified at IND.CODE § 6–1.1–30–11(c) (1998)). The Indiana Board determined that the basis of U.S. Steel's claim concerned the assessed value of tangible property, but nevertheless disclaimed subject matter jurisdiction because U.S. Steel's claim also involved Lake County's tax rate, which it concluded was beyond its statutory jurisdiction as set forth in Indiana Code Section 6–1.5–4–1

(Pet. for Judicial Review, App. A at 5–6.) The Indiana Board, however, is incorrect.

In general, property taxes are either rate-driven or budget-driven. INT'L ASS'N OF ASSESSING OFFICERS, STANDARD ON PROPERTY TAX POLICY § 5.2.1 (1997). In a rate-driven system, a taxing unit's assessed value is multiplied by a pre-determined tax rate to arrive at the budget; although assessed value in the taxing unit may change, the tax rate does not. *Id.* In a budget-driven system, a budget is publicly agreed upon and then divided by the taxing unit's assessed value; the resulting quotient is the tax rate. *Id.* "In this case, the rate is *merely a mathematical result* and floats upward or downward, depending on the assessed value in the unit of government." *Id.* (emphasis added). Hence, in a budget-driven system, two types of appeals necessarily implicate the tax rate: (1) appeals that concern assessed value (i.e., the denominator in the tax rate formula), and (2) appeals that concern a budget or tax levy (i.e., the numerator in the tax rate formula). *See generally* STANDARD ON PROPERTY TAX POLICY at § 5.2.1.

■ Lake County is a budget-driven system. (Amended R. at 20.) When U.S. Steel challenged the removal of assessed value from Lake County's tax rolls, it *necessarily* implicated the issue of Lake County's tax rate. This implication, the Indiana Board maintains, was enough to strip it of subject matter jurisdiction under Indiana Code Section 6–1.1–4–1. To read Indiana Code Section 6–1.5–4–1(a)(1) so narrowly, however, would render it a nullity because the Indiana Board could disclaim subject matter jurisdiction over *all* appeals concerning assessed valuation on

---

5. The parties do not dispute, however, that the Court has jurisdiction over this and all

other issues raised with respect to the Respondents' motions.

grounds that they necessarily implicate a tax rate. This Court presumes that the Legislature did not intend to enact a nullity when it gave the Indiana Board jurisdiction over appeals concerning "the assessed valuation of tangible property." *See* I.C. 6–1.5–4–1(a)(1); *Walker Mfg. Co. v. Dep't of Local Gov't Fin.*, 772 N.E.2d 1, 6 (Ind. Tax Ct.2002) (rejecting an interpretation of the law that would nullify a jurisdictional statute). Instead, when a taxpayer's appeal implicates a budget-driven system's tax rate (as U.S. Steel's appeal does), then the Indiana Board must determine whether the appeal concerns assessed value or whether it concerns a budget or tax levy. If the Indiana Board determines that the taxpayer's appeal concerns assessed value, then Indiana Code Section 6–1.5–4–1 gives the Indiana Board subject matter jurisdiction over the appeal. I.C. § 6–1.5–4–1(a)(1).

Here, the Indiana Board admitted that U.S. Steel's appeal concerned assessed value; thus, the Indiana Board has subject matter jurisdiction over U.S. Steel's 133 Petition despite the fact that its claim implicates Lake County's tax rate. *See id.* The Indiana Board's reason for disclaiming subject matter jurisdiction therefore fell "short of [its] statutory jurisdiction[.]" I.C. § 33–3–5–14.8(e)(3). Hence, the Court DENIES the Respondents' motions for summary judgment. The Court GRANTS summary judgment to U.S. Steel on this issue.[6]

## II. Whether U.S. Steel's claim was properly brought in a 133 Petition

The Respondents argue that even if the Indiana Board has subject matter jurisdiction over U.S. Steel's claim, U.S. Steel's appeal must still fail because U.S. Steel did not first appeal Lake County's tax rate under Indiana Code Section 6–1.1–17 *et seq.*[7] In the alternative, the Respondents argue that U.S. Steel cannot bring its claim in a 133 Petition because it challenges the subjective discretion of the tax officials. The Respondents are wrong on both counts.

### A. Whether U.S. Steel should first have appealed under I.C. § 6–1.1–17 *et seq.*

 The Respondents argue that before U.S. Steel filed its 133 Petitions, it should have appealed Lake County's tax rate pursuant to Indiana Code Section 6–1.1–17 *et seq.* Indiana Code Section 6–1.1–17–5 does not, however, grant taxpayers a right to *appeal* a tax rate. Rather, the law merely provides that ten or more taxpayers may *object* to the "tax rate ... of a political subdivision[.]"[8] IND.CODE § 6–1.1–17–5(b) (1998). Once an objection has

---

6. "When any party has moved for summary judgment, the court may grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment is filed by such party." Ind. Trial R. 56(B).

7. The Indiana Board termed this issue as one of "exhaustion" of administrative remedies. However, "exhaustion" in this case is a misnomer because the exhaustion of administrative remedies is a common law doctrine invoked by *courts* to facilitate *judicial* review of administrative actions. *See Myers v. Bethle-*

*hem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938) (referring to the exhaustion doctrine as a "long-settled rule of judicial administration"). *See also* IND. CODE § 4–21.5–5–4(a) (1998) (providing that "[a] person may file a petition for *judicial* review under this chapter only after exhausting all administrative remedies available" (emphasis added)).

8. An objection is distinguishable from an appeal. An objection is "[a] formal statement opposing something that has occurred or is about to occur[.]" BLACK'S LAW DICTIONARY

been made, tax officials simply must adopt a "finding," which is presented along with the budget to the County Board of Tax Adjustment (County Board). *See* IND. CODE §§ 6–1.1–17–5(b), (c), & (d) (1998). The County Board is without authorization to even address the taxpayers' objection. *See* IND.CODE § 6–1.1–17–6 (1998). Thus, Indiana Code Section 6–1.1–17–5 is merely a mechanism for ten or more taxpayers to place their objection on record.[9]

The right of appeal afforded to ten or more taxpayers is "to initiate an appeal ... on a political subdivision's *budget* [.]" IND.CODE § 6–1.1–17–13 (1998). U.S. Steel's claim, however has nothing to do with Lake County's budget.[10] Therefore, to require U.S. Steel to object to its tax rate under Indiana Code Section 6–1.1–17 *et seq.* would not result in a final determination that it could have appealed to the then-State Board. Consequently, the procedures available to U.S. Steel under Indiana Code Section 6–1.1–17 *et seq.* are irrelevant to U.S. Steel's 133 Petitions.[11]

## B. Subjectivity and 133 Petitions

■ In the alternative, the Respondents argue that U.S. Steel improperly brought its claim in a 133 Petition because the removal of assessed value from Lake County's tax rolls involved subjective judgment on the part of tax officials, and the only errors reviewable by a 133 Petition are those which can be corrected without resort to subjective judgment.[12] Again, the Respondents are incorrect.

A taxpayer may file a 133 Petition to request a correction of errors that result from one or more of the following reasons:

(1) The description of the real property was in error.

(2) The assessment was against the wrong person.

(3) Taxes on the same property were charged more than one (1) time in the same year.

(4) There was a mathematical error in computing the taxes or penalties on the taxes.

(5) There was an error in carrying delinquent taxes forward from one (1) tax duplicate to another.

(6) The taxes, as a matter of law, were illegal.

---

1101 (7th ed.1999). An appeal, on the other hand, is "[a] proceeding undertaken to have a decision reconsidered by bringing it to a higher authority[.]" *Id.* at 94.

9. Furthermore, only *political subdivisions,* not taxpayers, are granted a right to *appeal* a tax rate—and then only if they are seeking to *increase* it. IND.CODE § 6–1.1–17–15 (1998).

10. Even if it did, U.S. Steel has no apparent remedy under Indiana Code Section 6–1.1–17 *et seq.* because the then-State Board's review of a budget that had been appealed was purely discretionary. *See* IND.CODE § 6–1.1–17–16(b) (1998) (providing that the State board "*may* review ... the budget ... of any of the political subdivisions ... whose budget ... is the subject of an appeal initiated under this chapter" (emphasis added)).

11. Furthermore, nothing in Indiana Code Section 6–1.1–15 *et seq.,* which governs 133 Petitions, requires a taxpayer who files a 133 Petition to first appeal under Indiana Code Section 6–1.1–17 *et seq. See generally* IND. CODE § 6–1.1–15 *et seq. See also State Bd. of Tax Comm'rs v. Montgomery,* 730 N.E.2d 680, 684 (Ind.2000) (holding that Indiana Code Section 6–1.1–17 *et seq.* "is not ... an administrative remedy required to be exhausted before a taxpayer may challenge an unlawfully collected tax").

12. Instead, the Respondents argue that U.S. Steel should have appealed under the 130/131 appeals procedure. *See generally Thousand Trails, Inc. v. State Bd. of Tax Comm'rs,* 757 N.E.2d 1072, 1076 (Ind. Tax Ct.2001) (discussing the 130/131 appeals procedure).

(7) There was a mathematical error in computing an assessment.

(8) Through an error of omission by any state or county officer the taxpayer was not given credit for an exemption or deduction permitted by law.

IND.CODE § 6–1.1–15–12(a) (1998). U.S. Steel brings its claim under "[t]he taxes, as a matter of law, were illegal" provision of subdivision (6).

██ When a taxpayer files a 133 Petition, it "must be able to show with probative evidence that the error is an *objective error*, and not a subjective error." *Barth, Inc. v. State Bd. of Tax Comm'rs*, 756 N.E.2d 1124, 1128 (Ind. Tax Ct.2001) (emphasis added). Thus, taxpayers cannot use the 133 Petition to challenge any part of their assessment that implicates an official's exercise of *lawful* subjective discretion, i.e., discretion that is authorized by law. *See King Indus. Corp. v. State Bd. of Tax Comm'rs*, 699 N.E.2d 338, 340 n. 4 (Ind. Tax Ct.1998) (noting that "a certain amount of ... subjective judgment must be included in the assessment process").

██ In this case, however, U.S. Steel challenges the allegedly *unlawful* subjective discretion—i.e., discretion that is not authorized by law—of Lake County in removing assessed value from its tax rolls. The Indiana Board cannot, then, invoke the "subjective" discretion of those tax officials as a reason to deny U.S. Steel's 133 Petitions, because no tax official is vested with discretion to act unlawfully. *See* IND. CODE § 6–1.1–2–3 (1998) (providing that "[the] total tax rate ... *shall* be determined *in the manner provided by law*" (emphasis added)); *Hennel v. Bd. of Comm'rs of Vanderburgh County*, 132 Ind. 32, 31 N.E. 462, 463 (1892) (holding that when an assessor levies a tax without authority to do so, the assessment, is void); *Newsom v. Bd. of Comm'rs of Bartholomew County*, 92 Ind. 229, 233, 1883 WL 5754 (1883) (indicating that an illegal tax is one not levied and collected "in the manner prescribed by law"); *Board of Comm'rs of Howard County v. Armstrong*, 91 Ind. 528, 536 (1883) (holding that illegal taxes are "without authority of law as to the manner in which they were made"); *State v. McGinnis*, 34 Ind. 452, 454 (1870) (voiding the acts of an unlawfully constituted board of equalization); *Donch v. Bd. of Comm'rs of Lake County*, 4 Ind.App. 374, 30 N.E. 204, 206 (1892) (holding that "[w]hen the amount which shall be paid for the support of government ... has been fixed by a method prescribed by law, that must be regarded as the amount demanded by the law; and it cannot be considered as otherwise than unjust and wrongful for an officer, without authority ..., to assume to change the requirement of the law, and thereupon to collect a larger amount"). Accordingly, the Indiana Board's dismissal of U.S. Steel's 133 Petitions because they involve a subjective determination is baseless.

██ Indiana Code Section 6–1.1–15–12(a)(6) provides taxpayers with a remedy when their "taxes, *as a matter of law*, [are] illegal." I.C. § 6–1.1–15–12(a)(6) (emphasis added). To determine something "as a matter of law" simply means to apply the law to undisputed, material facts. *See Central Realty, Inc. v. Hillman's Equipment, Inc.*, 253 Ind. 48, 246 N.E.2d 383, 389 (1969); *Young v. Citizens' St. R. Co.*, 148 Ind. 54, 47 N.E. 142, 143 (1897); *Union Sch. Tp. v. First Nat. Bank of Crawfordsville, Ind.*, 102 Ind. 464, 2 N.E. 194, 197 (1885). Here, U.S. Steel and the Respondents do not dispute that assessed value was removed from Lake County's

tax rolls; hence, the parties do not dispute any material facts.[13] The only question is whether Lake County's removal of assessed valuation from its tax rolls (and, hence, the resulting tax rate) was, as a matter of law, illegal—a question that falls squarely within the ambit of the 133 Petition. *See* I.C. § 6–1.1–15–12(a)(6). Thus, it is appropriate for U.S. Steel to claim in its 133 Petitions that its taxes, as a matter of law, were illegal. The Indiana Board acted "without observance of procedure required by law" when it declined to hold a hearing on and reach the merits of U.S. Steel's claim. *See* IND.CODE § 33-3-5-14.8(e)(4). The Court, therefore, DENIES the Respondents' motions for summary judgment on this issue and GRANTS summary judgment to U.S. Steel.[14]

The Court REMANDS U.S. Steel's 133 Petitions to the Indiana Board. On remand, the Indiana Board shall hold a hearing pursuant to the provisions of Indiana Code Section 6–1.1–15–12(e). *See* IND. CODE § 6–1.1–15–12(e) (providing that a 133 Petition is subject to the appeals procedure under sections 4 through 8 of Indiana Code Section 6–1.1–15). After such hearing, the Indiana Board shall reach the merits of U.S. Steel's claim.

## CONCLUSION

The Court DENIES the Respondents' motions for summary judgment and GRANTS summary judgment to U.S. Steel. The Court REMANDS U.S. Steel's 133 Petitions to the Indiana Board. On remand, the Court ORDERS the Indiana

Board to reach the merits of U.S. Steel's claims in a manner consistent with this opinion.

---

13. While there are questions as to who removed the assessed value, they are not material to the legal issue of whether such removal was in any way lawful.

14. In the alternative, U.S. Steel argues that its taxes resulted from a mathematical error un-

der Indiana Code Section 6–1.1–15–12(a)(7). Given this Court's holding, it need not address this issue.