**Jeffrey SOUTHWORTH, d/b/a Southworth Ford, Petitioner,**

v.

**GRANT COUNTY PROPERTY TAX ASSESSMENT BOARD OF APPEALS, Grant County Assessor, Grant County Auditor, and Center Township Assessor, Respondents.**

No. 49T10–0301–TA–3.

Tax Court of Indiana.

July 10, 2003.

Timothy J. Vrana, Sharpnack Bigley LLP, Columbus, IN, Attorney for Petitioner.

Marilyn Meighen, Meighen & Associates, P.C., Carmel, IN, Attorney for Respondents.

FISHER, J.

Jeffrey Southworth, d/b/a Southworth Ford (Southworth), appeals the final determination of the Indiana Board of Tax Review (Indiana Board) dismissing his Petitions for Correction of Error (133 Petitions) for the 1997–2001 tax years (years at issue). The issue is whether the Indiana Board erred in dismissing those petitions. For the following reasons, the Court AFFIRMS the Indiana Board's final determination.

## FACTS AND PROCEDURAL HISTORY

Southworth owns a commercial improvement in Center Township, Grant County, Indiana. In May 2001, Southworth filed five 133 Petitions with the Grant County Auditor for the years at issue, alleging that because his improvement was a "kit building,"[1] the General Commercial Kit (GCK) pricing schedule[2] should have been used to assess it.[3] In January 2002, the Grant County Property Tax Assessment Board of Appeals (PTABOA) denied Southworth's 133 Petitions.

Southworth subsequently appealed the PTABOA's final determinations to the Indiana Board of Tax Review. On December 20, 2002, the Indiana Board issued one final determination denying relief to Southworth. Specifically, the Indiana Board held that because choosing the applicable pricing schedule requires an assessor's subjective determination, Southworth could not bring his claim in a 133 Petition.

On January 7, 2003, Southworth initiated an original tax appeal. On June 6, 2003, the parties presented oral arguments. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

This Court gives great deference to final determinations of the Indiana Board when it acts within the scope of its authority. *Wittenberg Lutheran Vill. Endowment Corp. v. Lake County Prop. Tax Assessment Bd. of Appeals*, 782 N.E.2d 483, 486 (Ind. Tax Ct.2003), *review denied.* Consequently, the Court will reverse a final determination of the Indiana Board only if it is arbitrary, capricious, an abuse

---

1. "Generally, kit buildings are made of light[-]weight and inexpensive materials and are fabricated at central manufacturing facilities and shipped to the construction site ready for fast and efficient assembly." *Hamstra Builders, Inc. v. Dep't of Local Gov't Fin.*, 783 N.E.2d 387, 390 (Ind. Tax Ct.2003) (internal quotation marks omitted).

2. *See* IND. ADMIN. CODE tit. 50, r. 2.2–11–6 (Sched.A.4) (1996).

3. The Indiana Board's findings of facts do not indicate which pricing schedule was used to assess Southworth's improvement.

of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations; without observance of procedure required by law; or unsupported by substantial or reliable evidence. *Id.* (citing IND.CODE § 33-3-5-14.8(e)(1)–(5) (Supp.2001) (quotation marks omitted)).

## Discussion

■ The issue is whether the Indiana Board erred when it determined that Southworth's 133 Petitions were an inappropriate method by which to appeal the pricing schedule used to assess his improvement. Southworth argues that he should be allowed to bring his claim in a 133 Petition because the decision whether or not to apply the GCK pricing schedule does not require a subjective determination. Southworth, however, is incorrect.

■ A taxpayer may file a 133 Petition to request a correction of errors that resulted from one or more of the following reasons:

(1) The description of the real property was in error.

(2) The assessment was against the wrong person.

(3) Taxes on the same property were charged more than one (1) time in the same year.

(4) There was a mathematical error in computing the taxes or penalties on the taxes.

(5) There was an error in carrying delinquent taxes forward from one (1) tax duplicate to another.

(6) The taxes, as a matter of law, were illegal.

(7) There was a mathematical error in computing an assessment.

(8) Through an error of omission by any state or county officer the taxpayer was not given credit for an exemption or deduction permitted by law.

IND.CODE § 6-1.1-15-12(a) (1998). This Court has held that a taxpayer may file a 133 Petition to correct only objective errors in an assessment; accordingly, a taxpayer is prohibited from using a 133 Petition to challenge any part of an assessment that implicates a tax official's lawful exercise of subjective discretion. *U.S. Steel Corp. v. Lake County PTABOA et al.,* 785 N.E.2d 1209, 1215 (Ind.Tax.Ct.2003). In a decision handed down concurrently with this decision, the Court held that the decision to apply pricing schedules, including the GCK pricing schedule, "ultimately turns on judgment calls." *O'Neal Steel v. Vanderburgh County PTABOA et al.,* no. 49T10–0204–TA–42, 791 N.E.2d 857, 860, 2003 WL 21575863 (Ind. Tax Ct. July 10, 2003). For the reasons stated in *O'Neal Steel,* the decision to apply the GCK pricing schedule is subjective and cannot be challenged in a 133 Petition. *Id.* Consequently, Southworth cannot use a 133 Petition to challenge the assessor's choice of pricing schedule.[4] *See id.*

4. In the alternative, Southworth argues that State Board Instructional Bulletin 92–1 (Instructional Bulletin 92–1) mandates the use of the 133 Petition to appeal the assessment of a kit building. However, Instructional Bulletin 92–1, which did mandate the use of 133 Petitions in the case of kit building assessments for the 1991 assessment year, became a nullity as of the 1995 general reassessment.

*O'Neal Steel v. Vanderburgh County PTABOA et al.,* no. 49T10–0204–TA–42, 791 N.E.2d 857, 862 (Ind. Tax Ct. July 10, 2003). Consequently, Southworth cannot rely on Instructional Bulletin 92–1.

Southworth also argues that this Court's holding in *Barth, Inc. v. State Bd. of Tax Comm'rs,* 705 N.E.2d 1084 (Ind.Tax.Ct.1998) (*Barth* II) supports the proposition that the

## CONCLUSION

For the aforementioned reasons, the Court AFFIRMS the Indiana Board's final determination.

decision to use the GCK pricing schedule is an objective determination, not a subjective one. Nevertheless, the Court has made clear that it regards the use of the 133 Petition in the case of kit buildings to be in conflict with its case law on the use of the 133 Petition. *See, e.g., Barth, Inc. v. State Bd. of Tax Comm'rs*, 699 N.E.2d 800, 804 n. 10 (Ind.Tax. Ct.1998) (*Barth* I). Accordingly, *Barth* II is limited to cases that arose before the 1995 general reassessment. For cases arising from the 1995 general reassessment and thereafter, the Court's decision in *O'Neal Steel* controls. *See O'Neal Steel v. Vanderburgh County PTA-BOA et al.*, no. 49T10–0204–TA–42, 791 N.E.2d 857 (Ind. Tax Ct. July 10, 2003).