820 N.E.2d 1237 (2005)
LAKE COUNTY PROPERTY TAX ASSESSMENT BOARD OF APPEALS, Paul G. Karras, in his official capacity as Lake County Assessor, Peter Benjamin, in his official capacity as Lake County Auditor, Peggy Holinga Katona, in her official capacity as the Lake County Treasurer, and Booker Blumenberg, in his official capacity as Calumet Township Assessor, Petitioners (Respondents below),
v.
UNITED STATES STEEL CORPORATION, formerly United States Steel, LLC, Respondent (Petitioner below).
No. 49S10-0309-TA-00401.
Supreme Court of Indiana.
January 13, 2005.
Rehearing Denied April 1, 2005.
*1238 Brian P. Popp, Merrillville, IN, Attorney for the Lake County Property Tax Assessment Board of Appeals and the Lake County Assessor.
John S. Dull, Crown Point, IN, Dock McDowell, Jr. Merrillville, IN, Attorneys for the Lake County Auditor and Treasurer.
Thomas M. Atherton, Robert B. Clemens, Ronald M. Soskin, David A. Suess, Indianapolis, IN, Attorneys for Respondent.

ON PETITION FOR REVIEW.
SULLIVAN, Justice.
The amount of property taxes payable for an individual piece of property is set by allocating the total dollar amount anticipated to be required to meet the revenue needs of the taxing district among all pieces of property in proportion to their assessed valuations. As such, the amount of property taxes payable for an individual piece of property will be a function of three major variables: (1) the assessed valuation of the individual piece of property; (2) the total dollar amount of revenue to be raised; and (3) the total assessed valuation of all the pieces of property in the taxing jurisdiction.
The taxpayer here, United States Steel Corporation ("USS"), came to the view that local property tax officials had illegally reduced the aggregate assessed valuation of the property in the taxing jurisdiction during the "assessment years" 1994, 1995, and 1996.[1] If so, USS's property taxes for those years would have been too high. On May 5, 1998, USS filed papers (using forms denominated "Form 133, Petition for Correction of Error" and "Form 17T, Petition for Refund") seeking refunds of the property taxes it contended had been illegally imposed and overpaid for the 1994-1996 period.
USS's challenges were first denied by the Lake County Board of Review and *1239 then by the Indiana Board of Tax Review.[2] USS then sought judicial review in the Indiana Tax Court. The Tax Court concluded that "[t]he only question is whether Lake County's removal of assessed valuation from its tax rolls (and, hence, the resulting tax rate) was, as a matter of law, illegal-a question that falls squarely within the ambit of the 133 Petition." U.S. Steel Corp. v. Lake County Prop. Tax Assessment Bd. of Appeals, 785 N.E.2d 1209, 1216 (Ind. Tax Ct.2003). The local and state property tax authorities sought, and we granted, review of the Tax Court's decision. United States Steel Corp. v. Lake County Prop. Tax Assessment Bd. of Appeals, 804 N.E.2d 749 (Ind.2003).

Discussion
The principal ground on which the Board of Tax Review dismissed USS's claims was that the Board had no subject matter jurisdiction because the claims involved the county's tax rate. The Tax Court pointedly rejected the Board's disclaimer of jurisdiction. It held that interpreting the Board's jurisdiction so narrowly, i.e., that the Board is without jurisdiction whenever the tax rate is implicated, would allow the Board to "disclaim subject matter jurisdiction over all appeals concerning assessed valuation." U.S. Steel, 785 N.E.2d at 1212-1213 (emphasis in original). In point of fact, "the removal of the assessed value from Lake County's tax rolls ... necessarily implicated the issue of Lake County's tax rate." Id. We agree with this analysis and adopt it.
While we agree with the Tax Court that the local and state property tax authorities have subject matter jurisdiction over the type of claims raised by USS, the question remains whether the procedures employed by USS were in fact available to it.
As we discuss in greater detail in the BP Amoco case decided today, during the years in question, Indiana Code Section 6-1.1-15-1 and Indiana Administrative Code Title 50, Regulation 4.2-3-4 contained appeal provisions that allowed taxpayers to challenge assessments on this basis for a current year's assessment on Form 130. Lake County Prop. Tax Assessment Bd. of Appeals v. BP Amoco Corp., No. 49S10-0309-TA-00400, ___ N.E.2d ___, slip op. at 2, 2005 WL 67440 (Ind. Jan. 13, 2005). But here, USS did not file its challenges until several years after the years in question. Instead, USS proceeded under Indiana Code Section 6-1.1-15-12 and Indiana Administrative Code Title 50, Regulations 4.2-3-4, 12, and 14 and filed its claims on "Form 133, Petition for Correction of Error," alleging that "the taxes, as a matter of law, were illegal." U.S. Steel, 785 N.E.2d at 1215. So even though the nature of its challenge is quite different than that in the BP Amoco case, the issue is essentially the same: whether Indiana Code Section 6-1.1-15-12 and Form 133 are available to provide USS the retrospective relief it seeks on the grounds it asserts.
In its opinion, the Tax Court focused on the nature of USS's challenge. Because *1240 USS's contention was that Lake County officials had acted illegally, the Tax Court reasoned, this was precisely the kind of claim that the "illegal as a matter of law" provision of Indiana Code Section 6-1.1-15-12(a)(6) was designed to cover. Id.[3]
Although USS presents a more sympathetic case than the taxpayer in BP Amoco, we reach the same result. Indiana Code Section 6-1.1-15-12(a)(6) and Indiana Administrative Code Title 50, Regulation 4.2-3-12 authorize the use of Form 133 to obtain adjustments to assessments and property tax refunds where the taxes, as a matter of law, have been determined to be illegal. BP Amoco, 820 N.E.2d at 1236-37. But they are not available "to challenge the methodology used in generating an assessment." Id. (quoting Ind. Admin. Code tit. 50, r. 4.2-3-12(a) (1992 & 1996)). We conclude that the legislative and regulatory scheme required USS to set forth in its contentions that local property tax officials had illegally reduced the aggregate assessed valuation in the relevant jurisdiction on Form 130, subject to the time limitations and other requirements of Indiana Code Section 6-1.1-15-1 and Indiana Administrative Code Title 50 Section 4.2-3-4. Because USS did not do so, no timely determination was made that its taxes were illegal as a matter of law and relief under Indiana Code Section 6-1.1-15-12 and Indiana Administrative Code Title 50 Sections 4.2-3-4, 12 and 14 on Form 133 was not available.[4] The State Board of Tax Commissioners properly dismissed USS's petitions.

Conclusion
The decision of the Tax Court in this case is affirmed in part and reversed in part. The decision of the State Board of Tax Commissioners dismissing USS's appeals on Form 133 is affirmed.
SHEPARD, C.J., and DICKSON and BOEHM, JJ., concur. RUCKER, J., concurs in result.
NOTES
[1] Indiana Code Section 6-1.1-17-1 provides that property taxes are payable based on the prior year's assessed valuation. As such, the assessments at issue in this case are those for the years 1994 (property taxes with respect thereto payable in 1995), 1995 (payable in 1996), and 1996 (payable in 1997).
[2] On January 1, 2002, the Legislature abolished the State Board of Tax Commissioners and established an Indiana Board of Tax Review. Ind.Code §§ 6-1.5-2-1; 6-1.5-4-1 (Supp.2001); 2001 Ind. Acts 198 § 95. For purposes of this case, the Indiana Board has the power and authority previously held by the State Board. As a result, even though BP appealed to the State Board of Tax Commissioners, the Indiana Board of Tax Review issued the final determination in this case.

The same legislation also replaced individual county "Boards of Review" with county "Property Tax Assessment Boards of Appeals." In this case, therefore, the Lake County Board of Review is now the Lake County Property Tax Assessment Board of Appeals.
[3] Included in the Tax Court's analysis is a discussion of the applicability of a distinction frequently made in cases disputing the availability of Form 133-whether the appropriate tax officials are required to make an objective or subjective determination. For the reason we set forth in BP Amoco, slip op. at 6, n. 5, we find it unnecessary to apply the objective/subjective distinction to resolve this case.
[4] We recognize that USS might conceivably be entitled to relief if it meets the requirements of the hypothetical Taxpayer "C" in Indiana Administrative Code Title 50, Regulation 4.2-3-12(g)(1)(D). However, USS advances no claim in that regard in this case.